GERTRUDE FRIGSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 3, 1907.

Nos. 15,072—(55).

**Hypothetical Question—Objection.**

Where a hypothetical question omits material evidence, or contains a statement of a material fact as to which there is no evidence, an objection upon the ground that the question does not contain a correct statement of the evidence is sufficiently specific, unless the trial judge asks that his attention be called to the evidence which is omitted or the matter which is improperly included.

**Same—Duty of Counsel.**

The duty of properly framing such a question rests primarily upon the counsel by whom the question is asked, and he should not be permitted to frame an improper question, and then cast the burden of supplying its deficiencies upon the opposing counsel.

**Excessive Verdict.**

The verdict in this case *held* to be so large as to show passion and prejudice.

Action in the district court for Clay county to recover $5,000 for illness alleged to have resulted from defendant's failure properly to heat a railway car. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of the plaintiff for $2,000. From an order denying a motion for a new trial, Baxter, J., defendant appealed. Reversed.

*J. W. Mason* and *Wm. Russell*, for appellant.
*C. G. Dosland* and *M. A. Hildreth*, for respondent.

ELLIOTT, J.

The respondent purchased a railway ticket from the appellant at Moorhead, Minnesota, and became a passenger on its train which left Moorhead at 7:15 a. m. on April 10, 1905. The mercury then stood at about 27 degrees above zero. The heating apparatus was defective, and there was no heat in the car during the forenoon, or until the time

[1]Reported in 111 N. W. 838.

when the respondent left the car. It is claimed that, because of the negligence of the railway company in failing to furnish a properly heated car, the respondent caught a cold, which resulted in a severe and permanent illness. She recovered a verdict of $2,000 and this appeal is from an order denying a motion for a new trial.

It is claimed that the court erred in overruling the defendant's objection to certain hypothetical questions, and in refusing to instruct the jury that only nominal damages could be recovered. It is conceded that the railway company was negligent, but contended that respondent's physical condition was not caused thereby. Dr. Campbell, a witness called for the plaintiff, was asked a hypothetical question, which contained a statement of an assumed fact with reference to which the record contained no evidence. The witness testified that the fact thus assumed was by him considered as material, and was taken into consideration as a basis for the opinion which he gave. It must be conceded that the objection to this question should have been sustained; but it is claimed that the objection was not sufficiently specific, and that the error cannot be taken advantage of at this time. The record shows that the question was objected to

As not being based upon a true statement of the evidence in the case.

Mr. Hildreth: I ask counsel to point out in what respect the hypothetical question does not properly state the testimony.

The Court: There is one part of it assuming that she had regular sleep before that time and that her appetite was good.

Mr. Hildreth: She testified she had always slept well and had no trouble about her appetite before that.

The Court: Objection overruled. Exception.

The same objection to a similar question asked another witness was made and overruled, without suggestion or comment by either counsel or court.

Had the judge asked counsel to designate what was improperly included in or omitted from the question, in order that an intelligent ruling might be made, and he had refused or failed to do so, the error could not have been made the basis of an exception. But the judge seems to have assumed that he knew of the defect, and, after calling

attention to it and being assured of the existence of the particular evidence, he ruled without further delay. A hypothetical question must include all facts relevant to the issue which the evidence at the time the question is asked tends to prove. It must not assume facts as to which there is no evidence. Under ordinary circumstances, the objection that a question as stated does not include all the essential facts, or is not a correct statement of the evidence, should be treated as specific, and as pointing out the grounds of the objection. It may safely be assumed that the judge has followed the evidence, and is able to determine whether the question is properly framed as against such an objection. If he is in doubt, he may call upon counsel for information, and it must be furnished. An objection such as is here made is not like the omnibus statement that a question is incompetent, immaterial, and irrelevant. When counsel asks for an opinion based upon assumed facts, it is his duty to frame the question carefully and accurately, and he should not be permitted to throw the burden of correcting its defects upon the opposing counsel. The grounds of an objection are required to be stated specifically, in order that the court may rule intelligently. If the court is satisfied, it is difficult to measure the duty owing to opposing counsel. Of course, he must not be actually misled by any concealment or sharp practice; but as a general proposition it may be said that each counsel must try his own case and be responsible for his own errors.

A contrary rule applied to a hypothetical question would lead to the absurd conclusion that counsel may ask a question obviously imperfect, containing a mere suggestion of the evidence, and throw the burden upon his opponent of supplying all that is necessary to make the question perfect. The question might be a mere skeleton, and the objecting counsel would be required to furnish the substance at his peril. This would be to impose the burden upon the wrong party and encourage careless and slovenly practice, which would in the end result in more frequent miscarriages of justice than would a strict adherence to technical rules of practice. As this record stands, the objection must be held to have been sufficiently specific.

But, regardless of the effect of this erroneous ruling, there must be a new trial, because the verdict was so large as to show that it was the result of passion and prejudice. The motion for a new trial was

not made before the judge who tried the case, and this may have accounted for the failure of the trial court to give proper weight to this ground for a new trial. It appears that the respondent caught cold while upon the car, but the evidence shows conclusively that her physical condition was such as to render it, to say the least, exceedingly improbable that her condition at the time of the trial resulted from the cold. It appears conclusively, we think, that her condition was largely due to physical conditions which existed before she caught the cold, and which were entirely independent of, and could not have resulted from, the cold. The evidence is largely what is known as "medical evidence," and need not be detailed. We are satisfied, after a careful examination of the record, that the verdict was the result of passion and prejudice, and therefore cannot be permitted to stand.

The order is therefore reversed, and a new trial granted.