JOHNSONBURG VITRIFIED BRICK CO. v. YATES.

(Circuit Court of Appeals, Third Circuit.   January 24, 1910.)

No. 90 (1,307.)

**1. PLEADING (§ 248*)—AMENDMENT—MATERIALITY.**

Where plaintiff sought to recover a license fee for the construction of certain patented brick kilns, and alleged that in consideration of the license defendant promised to pay plaintiff her "price," and that such price was $300 per kiln, and was just and reasonable, an amendment expressly declaring that defendant had promised to pay $500 a kiln was not objectionable as changing the cause of action sued on, in that the claim first filed was based on a quantum meruit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 702; Dec. Dig. § 248.*]

**2. LIMITATION OF ACTIONS (§ 182*)—PLEADING.**

Under the law of Pennsylvania, a party cannot claim the benefit of the statute of limitations unless he has pleaded it.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 676; Dec. Dig. § 182.*]

**3. APPEAL AND ERROR (§ 173*)—LIMITATIONS — QUESTIONS NOT RAISED AT TRIAL.**

The statute of limitations cannot be first set up in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1104; Dec. Dig. § 173.*]

**4. APPEAL AND ERROR (§ 1056*)—RULINGS ON EVIDENCE—PREJUDICE.**

Defendant was not prejudiced by the court's exclusion of certain evidence, offered on cross-examination, relating to a collateral inquiry mainly, if not wholly, concerning transactions between husband and wife.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

**5. APPEAL AND ERROR (§ 1058*)—RULINGS ON EVIDENCE—PREJUDICE.**

Defendant was not prejudiced by the court's erroneous exclusion of cross-examination of plaintiff's husband relating to the difference between certain patents obtained by him, where the patents and the differences between them were afterwards fully described by other witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4200–4206; Dec. Dig. § 1058.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Jessie Yates against the Johnsonburg Vitrified Brick Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred H. Ely, for plaintiff in error.

J. S. Ferguson, for defendant in error.

Before GRAY and LANNING, Circuit Judges, and J. B. McPHERSON, District Judge.

J. B. McPHERSON, District Judge. This case was fully tried out on the merits, and was submitted in a charge to which no exception was taken. Neither party asked for instructions, and the only ques-

tions that are presented to us arise upon the admission or rejection of evidence, and upon the allowance of an amendment to the plaintiff's statement of claim.

Taking up first the amendment, we may observe that it seems to have been superfluous, and therefore can have done no harm. The statement of claim averred that the plaintiff owned a .patent for improvements in brick kilns, and had agreed to license the defendant, "in consideration whereof the defendant then and there promised to pay the plaintiff her price for a license to build, remodel, and operate said kilns, and the plaintiff avers that her price for a license to build or remodel and operate such brick kilns is $500 per kiln; that such price is just and reasonable." After the plaintiff had put in her case, the defendant moved for a compulsory nonsuit on the ground of variance, asserting that, although the statement of claim was based upon a quantum meruit, the testimony tended to prove an express contract. Thereupon the plaintiff, ex majori cautela, asked and was permitted to amend by adding a count declaring that the defendant had expressly promised to pay $500 per kiln. The allowance was excepted to on the ground that the amendment set up a different cause of action from the cause originally stated. It is our opinion, however, that the amendment added nothing material. If the defendant promised to pay the plaintiff "her price," and such price was $500 per kiln, it was not essential to add another formal averment that a direct promise to pay $500 was expressly made. The amendment did little more than amplify the statement in one particular, and the distinction sought to be drawn seems too refined to be supported. Moreover, even if the cause of action had been changed, we should hesitate to interfere with the discretion of the Circuit Court, unless the defendant was injured thereby. The injury alleged is that the statute of limitations had run at the time of the trial; but it is a sufficient answer to this allegation that no such complaint was made in the court below. In Pennsylvania a party does not benefit by the statute of limitations unless he pleads it, and the defendant did not plead it, or object to the amendment on that ground, or ask for an instruction that the statute was a bar. The question cannot be raised in this court for the first time.

Other exceptions relate to an assignment of the patent. The patentee was the plaintiff's husband, and had assigned the patent to her in December, 1899. The defendant asserted that he had executed a second assignment to her in August, 1906, and attempted upon cross-examination to find out why this was done. The court ruled out the questions, and this action is assigned for error. Without discussing the reasons that were given for excluding the testimony, it is enough to say that we have not been convinced that any injury was done to the defendant by closing the door upon the subject. It appeared to be a collateral inquiry—a matter that concerned mainly, if not wholly, the husband and his wife. If its relevancy had been clear, the objections might have force; but the argument has failed to satisfy us that the existence of the second assignment had any bearing upon the issue, except, perhaps, so remotely that the possible connection may safely be neglected.

There is more substance in the first and second assignments of error.

The plaintiff's husband had taken out two patents, one in 1882 and the other in 1899. The suit was upon the second, and one of the substantial defenses was that he had not built the kilns in accordance with the patent. He was the important witness for the plaintiff, and was asked on cross-examination to explain the difference between the patents. These questions were excluded on the ground that they were not cross-examination, and upon this point we are obliged to differ from the trial judge. The question would apparently have been proper, even if it had been asked of any witness acquainted with both patents; but, when the relation of this witness to the plaintiff and to the whole case is further taken into account, it is clear, we think, that much latitude in his cross-examination should have been permitted. If, therefore, the inquiry into the difference between the patents had been abandoned at this point by the defendant in deference to the court's ruling, we should have been compelled to regard the error as serious, and might have felt bound to reverse for that reason. But it is apparent, from a full examination of the stenographer's notes, that the differences to which the questions were directed were afterwards described by other witnesses, and therefore that the defendant succeeded in getting before the jury the same matter to whose exclusion these assignments are intended to apply. For example, the defendant offered the patent of 1882 in evidence, and as both patents were thus before the jury, a full comparison was possible, and may, indeed, have been made; and, further, several witnesses testified concerning the method of building the kilns under the patent of 1882, and the method that was followed under the contract in suit; so that the subject seems to have been gone into as fully as the defendant desired. For this reason the rulings did no visible harm, and the first and second assignments of error must therefore be overruled.

The remaining assignments do not require special notice. We have given them careful attention, but regard them as of minor importance. None of them should be sustained. It may be that the plaintiff has recovered a substantial verdict upon evidence that leaves something, perhaps a good deal, to be desired; but the trial judge must have been better informed upon the subject than we can be, and he considered and refused a motion for a new trial.

The judgment is affirmed, with costs.