**DAIRYMEN'S MILK CO. OF PITTS-
BURGH v. McCORMICK CO., Inc.**

No. 7259.

Circuit Court of Appeals, Third Circuit.

Sept. 9, 1940.

John Duggan, Jr., and Charles Nuss-baum, both of Pittsburgh, Pa., for appellant.

R. T. M. McCready and James M. Mc-Cready, both of Pittsburgh, Pa., for appellee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The parties entered into a written agreement whereby the plaintiff contracted to furnish preliminary plans, general working drawings and specifications consisting of architectural and structural drawings and specifications for a milk plant building and furnish mechanical drawings and specifications for the plumbing, heating and electrical work and the defendant agreed to pay as compensation for these services a sum equal to 5% of the total cost of the construction work. The plaintiff claimed $4,317.71 as an unpaid balance of compensation due under this contract, made up as follows:

| | |
|---|---|
| 5% of general contract........ | $3,600.00 |
| 5% of cost of extra footers.... | 249.16 |
| 5% of extra cost on brick...... | 22.05 |
| Agreed price of revision of plans | 600.00 |
| Agreed price of designing retaining wall ................ | 75.00 |
| 5% of contract price of cork insulation ..................... | 245.00 |
| 90% of 5% of contract price of electrical work, plumbing and heating ..................... | 1,426.50 |
| 5% of contract price on garage | 900.00 |
| | $7,117.71 |

Less payments on account:

| | | |
|---|---|---|
| July 9, 1935..... | $ 100.00 | |
| October 27, 1935 | 2,700.00 | 2,800.00 |

| | |
|---|---|
| Balance due ................ | $4,317.71 |

The defendant denied liability upon the last four items. The jury returned a verdict for the plaintiff in the sum of $3,371.-03.

Upon appeal the defendant argues that as to the claim for compensation for the plans for the electrical, plumbing and heating work there was a fatal variance between the allegations and the proof, that the trial court erred in refusing to receive the testimony of the witness McNemar, offered in support of its contention that the plaintiff negligently failed to disapprove payments claimed by the contractor for alleged excessive excavation for extra footers required by the character of the soil, and that the verdict was against the weight of the evidence. We will first consider the alleged variance.

■ The original statement of claim alleged, inter alia, that by reason of the written agreement the plaintiff was entitled to 5% of the construction cost as payment for plans for the electrical, plumbing and heating work; that it completed 90% of the work on the plans; that it was prevented from completing the plans by reason of the defendant's failure to submit necessary information and that the plaintiff was, therefore, entitled to 90% of 5% of the construction cost. Prior to the trial and at the trial the plaintiff amended the statement of claim so as to allege that 90% of 5% of the construction cost was a fair and reasonable charge for these plans. The question whether the amendments introduced a new cause of action and thereby deprived the defendant of a substantial right is not before us since the defendant did not object to the amendments, did not plead surprise, ask for a continuance or assign the allowance of them as error.

■ The defendant urges that the plaintiff did not prove its case according to the tenor of the amendments. The amendments set out the contract, the partial completion of the plans, the failure of the defendant to furnish the information necessary for completion and a request for damages based upon a fair and reasonable charge for the work done upon the plans in view of the stage of their completion. The proof followed this amendment in every phase and we find no such variance as would justify a new trial. Johnsonburg Vitrified Brick Co. v. Yates, 3 Cir., 177 F. 389.

■ The defendant also urges that the trial court erred in sustaining the objection to the testimony proposed to be given by one McNemar. While the defendant's offer of proof was not too clear we gather from it and the colloquy which followed that the defendant offered the witness as an expert qualified to express an opinion as to the depth of excavation which was necessary and proper under the circumstances for the construction of the extra footers. McNemar's thirty years of experience as a builder and his experience in superintending the construction of a building only fifteen feet removed from the site of the defendant's milk plant may have qualified him as an expert. The trial court apparently thought that he was not qualified. We need not consider this question further, however, since, as we shall see, the necessary factual basis for his testimony as an expert had not been laid.

It is clear from the colloquy between counsel and the court following the offer of proof that the defendant did not contend that McNemar could testify from his own observation as to the condition of the soil upon which the defendant's plant was constructed. The defendant's purpose must therefore have been to obtain McNemar's opinion upon the facts by an answer to a hypothetical question. But a hypothetical question should include a statement of all material facts and should not assume facts not warranted by the evidence. Reber v. Herring, 115 Pa. 599, 608, 8 A. 830. Here there was no competent evidence as to the actual condition of the soil on the site of the defendant's plant. This was a fact essential to the expression of an opinion as to the depth of excavation proper for the construction of the extra footers. The allegation in the statement of claim that the soil was soft and insecure was too vague to be of any value as the basis for an opinion. Consequently, even if McNemar had been qualified as an expert the trial court was justified in sustaining the objection to his proposed testimony.

Without McNemar's testimony there was absolutely no evidence upon which the jury could predicate a finding that the excavation in fact made by the contractor was excessive under the circumstances or that the plaintiff was negligent by reason of its failure to disapprove the contractor's charges for the construction of the extra footers. It is unnecessary, therefore, for us to consider whether the plaintiff was under a duty to inspect or whether the inspection was negligently made.

■ The defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence was overruled by the trial court. The refusal

738

of a new trial on this ground is not re-
viewable by us. Buckeye Powder Co. v.
E. I. Du Pont de Nemours P. Co., 3 Cir.,
223 F. 881, affirmed 248 U.S. 55, 39 S.Ct.
38, 63 L.Ed. 123.

The judgment of the district court is af-
firmed.