## HENKEL v. VARNER.
### No. 8357.

United States Court of Appeals.
District of Columbia.
Decided Nov. 15, 1943.

Mr. Charles W. Arth, of Washington, D. C., with whom Mr. Augustus P. Crenshaw III, of Washington, D. C., was on the brief, for appellant.

Mr. Robert E. Lynch, of Washington, D. C., with whom Miss Anna Shapiro, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

The facts of the case, as appellee contends, were that he and his family were tenants of an apartment in a building which belonged to appellant; that the bathtub faucet in the apartment was leaking and appellee requested that it be repaired; that, thereupon, the janitor, acting upon instructions from the manager of the building, undertook to make the necessary repairs; that on the following morning appellee attempted to turn the porcelain handle of the hot-water faucet of the bathtub; the handle broke, leaving a sharp edge which cut and injured his hand. Following a trial in the District Court the jury returned a verdict for appellee. This appeal followed. Several errors are urged as follows: (1) refusal of the trial court to direct a verdict for appellant; (2) permitting an expert witness to answer a hypothetical question; (3) refusal of the court to declare a mistrial because of statements volunteered by appellee concerning an insurance company; (4) refusal of the court to set aside the verdict or, in the alternative, to grant a new trial.

Evidence of negligence upon the part of appellant was scant. Assuming that all evidence admitted by the court had been proper, it was probably sufficient to take the case to the jury under the rule several times stated by this court.[1] We have concluded, however, that the most vital evidence concerning negligence was improperly received. This consisted of the answer, given by Maurice J. Colbert, a plumber, in response to a hypothetical question, as follows: "I would say that the spigot was repaired in a defective manner, because the spigot should have opened, even though the handle did break; otherwise it should open easily at the time."

The question and answer are ob-

[1] Galt v. Phoenix Indemnity Co., Inc., 74 App.D.C. 156, 158, 120 F.2d 723, 725; Jackson v. Capital Transit Co., 69 App. D.C. 147, 148, 99 F.2d 380, 381, certiorari denied 306 U.S. 630, 59 S.Ct. 464, 83 L. Ed. 1032, and cases there cited.

jectionable for a number of reasons. In the first place, a careful examination of the record shows that in several respects the question had no basis in the evidence which preceded it [2] with regard both to the nature of repairs made, and to the way in which the injury occurred. In the second place, it is uncertain, ambiguous and self-contradictory.[3] It was objected to in its original form; it was three times amended in response to repeated objections; it was never restated to the witness in its amended form;[4] in fact, it never acquired an amended form but appears in its various segments scattered through several pages of the record, intermingled with colloquies between opposing counsel and the trial judge.

■■ In the third place, it was an improper question. We have held that where the jury is just as competent to consider and weigh the evidence as is an expert witness and just as well qualified to draw the necessary conclusions therefrom, it is im-proper to use opinion evidence for that purpose.[5] In the present case, assuming that sufficient evidence had been presented to satisfy the rule,[6] the jury was not only competent but was under the duty of determining whether appellant had been negligent. The situation was not one, therefore, which made appropriate the use of an expert to answer that ultimate question.

■ For all these reasons the testimony of Colbert should have been rejected. When it is eliminated from the case there is so little evidence remaining, of negligence upon the part of appellant, as to make it extremely doubtful whether the case should have been submitted to the jury. As the jury was permitted to consider this incompetent evidence, prejudicial error resulted and accordingly the case must be remanded.

In view of our conclusion upon the foregoing point, it is not necessary to consider the other issues presented on this appeal.

Reversed.

---

[2] Harten v. Loffler, 212 U.S. 397, 405, 29 S.Ct. 351, 53 L.Ed. 568; Erie R. Co. v. Linnekogel, 2 Cir., 248 F. 389, 392; Equitable Life Assur. Soc. v. Sieg, 6 Cir., 53 F.2d 318, 319; Hupp Motor Car Corp. v. Wadsworth, 6 Cir., 113 F.2d 827, 828; Dairymen's Milk Co. v. McCormick Co., Inc., 3 Cir., 114 F.2d 736, 737.

[3] In re Gould's Estate, 188 Cal. 353, 356, 357, 205 P. 457, 459; Norwich Union Indemnity Co. v. Davis, Tex.Civ.App., 293 S.W. 932, 935; Dunne v. Cooke, 197 Ill. App. 422, 444. See Goldstein, Trial Technique (1935) § 510.

[4] Frigstad v. Great Northern R. Co., 101 Minn. 40, 111 N.W. 838. See Goldstein, Trial Technique (1935) § 501.

[5] Kenney v. Washington Properties, Inc., 76 U.S.App.D.C. 43, 45, 128 F.2d 612, 614, and authorities there collected; United States v. Spaulding, 293 U.S. 498, 506, 55 S.Ct. 273, 79 L.Ed. 617; United States v. Sullivan, 9 Cir., 74 F.2d 799; Dunagan v. Appalachian Power Co., 4 Cir., 33 F.2d 876, 878, 68 A.L.R. 1393, certiorari denied 280 U.S. 606, 50 S.Ct. 152, 74 L.Ed. 649; Coca-Cola Bottling Co. v. Munn, 4 Cir., 99 F.2d 190, 196.

[6] See note 1 supra.