Robert L. BAER and Clarence L. Richardson, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 2995, 2996.

Municipal Court of Appeals for the District of Columbia.

Argued May 28, 1962.

Decided July 12, 1962.

Harvey C. Beavers, Washington, D. C., for appellants.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, Hubert B. Pair, and H. Thomas Sisk, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellants were jointly tried before a jury and convicted of keeping for sale and of selling alcoholic beverages without first having obtained a license to do so.[1]

They contend that two incidents, occurring outside the progress of their trial, prejudiced their rights to fair and impartial verdicts. One involved a statement by the trial judge made prior to the empaneling of jurors to try appellants' cases at the time he discharged another jury which was unable to reach a verdict in a different case immediately preceding appellants' trial. No complaint concerning these remarks was made to the trial judge until appellants' counsel filed a motion for a new trial. More important, they do not appear in the Ap-

1. Title 25–109(a), D.C.Code, 1961.

proved Statement of Proceedings and Evidence.

■■ We have frequently had occasion to say that we are bound by the statement of proceedings and evidence as settled and approved by the trial judge. Our duty is not to decide disputes between court and counsel as to what occurred at the trial. An error cannot be based upon something that does not appear in the record[2] and in the absence of any inclusion of this incident in the record on appeal, we cannot assume that the words of the trial judge were either unwarranted or prejudicial.[3]

The second incident occurred during a recess when counsel for appellants observed in the hallway outside the court room an assistant corporation counsel (not the prosecutor in the present cases), in the presence of at least one member of appellants' jury, talking to a juror in the former deadlocked case. He did not hear what was said. The incident was reported by him to the trial judge who asked his clerk about the matter. The court clerk reported he had seen the incident but that no member of appellants' jury was present in the corridor. The trial judge then asked appellants' counsel if he had a motion to make concerning the matter. Counsel replied in the negative. The court then stated that the incident "had nothing to do with this case" and the trial proceeded to final conclusion. However, the matter was again considered by the trial judge in denying a motion for a new trial and was held by him to offer no valid basis therefor.

■■ Appellants' real complaint is that the trial judge should have taken some action *sua sponte* in the matter. We do not agree. If counsel felt that the incident in the hallway had been prejudicial to his clients, it was his duty for their benefit to have promptly presented an appropriate motion for investigation and for opportunity to present testimony upon which to predicate a request for a mistrial. Having failed to do so and having continued with the trial, he must be considered to have waived his initial objection.

We find no error or abuse of discretion by the trial judge and no proof to support the complaint that the jury was prejudiced by this incident and did not give appellants a fair and impartial trial.

■■ We have examined the record and are convinced that there was competent evidence from which the jury could have found that appellants were guilty as charged.

Affirmed.

2. James v. Greenberg, D.C.Mun.App., 55 A.2d 727; Levy v. Bryce, D.C.Mun.App., 46 A.2d 765, 766; Heslop v. Robert A. Grahame, Inc., D.C.Mun.App., 31 A.2d 856.

3. In a similar incident reported in Lehman v. District of Columbia, 19 App.D.C. 217, 230, the court said: "On the contrary, we must infer, if we draw any inference at all, that it was fully warranted by the circumstances of that case. And if it was fully warranted by the circumstances of that case, how can we assume that it has affected injuriously, in contemplation of law, the case of the present appellant?"