**HARVEY'S INC., a body corporate, Appellant,**

**v.**

**A. C. ELECTRIC COMPANY, Inc., a body corporate, Appellee.**

**No. 3621.**

District of Columbia Court of Appeals.

Argued Jan. 11, 1965.

Decided March 11, 1965.

Albert Brick, Washington, D. C., with whom Samuel Intrater, Washington, D. C., was on the brief, for appellant.

Laurence T. Scott, Washington, D. C., with whom Morris Neidorf, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

In early 1961 the parties entered into a verbal agreement for renovation of the electrical system in appellant's restaurant. Appellee completed the work on April 21, 1961, and it was approved by the District of Columbia. There is no dispute that the system operated satisfactorily until August 21, 1961, when it failed and appellant was without electricity for several hours during the evening. As a result, appellant allegedly suffered damages of $3,000 due to a loss of income from sales, spoilage of food and loss of reputation, for which it thereafter brought suit. Appellee counterclaimed for $803.95, the amount due for the renovation work. The trial judge found for appellee on both the complaint and the counterclaim. This appeal ensued.

■ Appellant first contends that the trial judge erred in ruling that the restaurant had failed to prove that appellee had performed the work in an improper, defective and unworkmanlike manner. Although conceding that the doctrine of *res ipsa loquitur* is not applicable to this case because it involves an alleged breach of contract rather than a tort, appellant argues that a counterpart of this rule should be invoked—that as appellee was in a better position to know the cause of the power failure, it had the burden of proving that the work was properly performed or explaining the reasons for the electrical failure and that the trial judge shoud have applied a fairer standard by inferring, from proof of the power failure, that the work was done in a defective manner. We disagree. It is well settled that one alleging a breach of contract has the burden of proving it. Boomhower, Inc. v. Lavine, 151 F.Supp. 563 (D.D.C.1957). Here appellant was unable to establish what actually caused the failure and it would be sheer speculation to conclude without proof that the cause was something within appellee's control. We hold the trial judge correctly ruled that appellant had failed to carry its burden.

■ An agent of appellee testified that shortly after the power failure he told an agent of appellant that the failure was due to a defective breaker. He was later allowed to testify, over appellant's objection, that he had learned from the manufacturer that it was not defective. Appellant contends that the latter testimony was hearsay and that its admission was error. We agree that the testimony in question is hearsay, but its admission was harmless. Even without the admission of this hearsay rebuttal testimony, there was insufficient uncontroverted proof of defective workmanship to satisfy the burden of proof as to cause.

■ Appellant also claims it was error to refuse to permit its expert witness to testify whether the system was properly installed. The record discloses that the expert proffered did not inspect the electrical system until about a year and a half after the power failure. The qualifications of an expert witness and the limitations as to his testimony are wholly within the sound discretion of the trial judge. Hitchner Wall Paper Co. v. Pennsylvania R. R., 168 Fed. 602 (3rd Cir. 1909). If it appears that the witness has no personal knowledge of the facts and the questions posed do not disclose them, he could have no reliable opinion on the subject and is incompetent to testify thereon. Shapiro v. Pennsylvania R. R., 65 App.D.C. 324, 83 F.2d 581 (1936).

Since the expert here was unacquainted with the condition of the system immediately after completion of the work and no facts regarding it were posed in a hypothetical question to him, the trial judge did not abuse his discretion in refusing to allow the expert to testify.

As appellant failed to establish a breach of contract, the judgment in favor of appellee upon the counterclaim was correct.

Affirmed.