Claire F. STAHL, Appellant,

v.

Mildred GROFF, Appellee.

No. 3730.

District of Columbia Court of Appeals.

Argued July 26, 1965.

Decided Sept. 22, 1965.

John Flather Ellis, Washington, D. C., for appellant.

Gerald Golin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellee brought an action for an amount due as the balance of a real estate sales commission which she alleged she earned while employed by the appellant, and for a debt arising out of appellant's default on a promissory note co-signed by the appellee. This appeal is from a judgment awarding appellee the full amount of her claim.

■ Appellant argues initially that the trial judge erred in limiting her testimony with respect to material elements of the cause, and in limiting her cross-examination of the appellee. We have searched the statement of proceedings and evidence, by which, as we have often stated, we are bound, and find no basis for that claim.

■ Second, appellant makes certain claims relating to the accuracy and completeness of the statement of proceedings and evidence. The record, however, fails to provide any foundation for those assertions.

■ Finally, appellant contends that the trial judge erred in determining the amount due appellee. That argument proceeds from the following set of circumstances: According to appellee's testimony, she was employed by the appellant as a real estate sales agent, and was to receive as compensation 50% of all commissions resulting from her efforts. While so employed, she procured a contract for the purchase of certain real property which provided for a commission in the form of a $3,000 promissory note. Thereafter, appellee received for a few months one-half of the payments made on the note, but at some later date, the note was sold, without appellee's knowledge or consent, by appellant's attorney for $1,850.

Appellant's position is that recovery here should be determined, if at all, by reference to the amount actually realized on the note, rather than to its face value.[1] Had appellee consented to the sale of the note, or perhaps even if she had had advance notice of the sale, this argument would be sound. Here, however, appellant sold the note without consulting appellee, concealed the fact of its sale from appellee, and disposed of the entire proceeds of the sale for her own use and benefit. Having treated the note as her own property in complete disregard of appellee's interest in it, appellant cannot insist that appellee's rights be controlled and determined by the unauthorized acts of appellant.

Affirmed.

[1]. The trial court awarded appellee half the face value of the note, with appropriate credits for amounts she had already received.