Wolcott C. WAGGAMAN and Lillian
Waggaman, Appellants,

v.

John FORSTMANN, Appellee.

No. 3807.

District of Columbia Court of Appeals.

Argued Jan. 17, 1966.

Decided Feb. 24, 1966.

R. K. Kennon Jones, Washington, D. C., with whom Arthur B. Hanson, Washington, D. C., was on the brief, for appellants.

Jerry C. Strauss, Washington, D. C., with whom Paul S. Quinn, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellants sued appellee for alleged damages to their furnished apartment in the amount of $1,489.30 [1] during appellee's tenancy resulting from his use of the premises and its furnishings beyond ordinary wear and tear. After trial by jury, a verdict was rendered in favor of the landlords for $175, which appellants challenge on this appeal as inadequate. They contend the trial judge erred in refusing to permit three witnesses, whom they proffered as experts, to state their conclusions relating to wear and tear for guidance of the jury in reaching a verdict. These witnesses were one of the landlords (a retired architect), a furniture repair and upholstery man, and a general paint contractor. The trial judge held that the three witnesses did not qualify as experts under established law. They were, however, permitted to give direct testimony respecting the condition of the apartment and its contents as viewed by them after the lease had terminated.

It is well settled in this jurisdiction that to warrant the use of expert testimony the subject dealt with must be so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman and the witness must have such skill, knowledge or experience in that field or calling that his opinion will probably aid the trier in his search for truth.[2] The qualifications of an expert to express an opinion on a particular matter are for the determination of the trial judge and his decision will ordinarily not be disturbed on appeal except for a clear showing of abuse of discretion.[3] It is equally well established that where the trier of facts is as competent as an expert to consider and weigh the evidence and to draw conclusions therefrom, it is improper to use expert testimony.[4]

Here expert opinions were primarily proffered to establish that damages to the furnishings were beyond normal wear and tear. Although the jury sustained this issue in favor of appellants without the aid of expert opinion, appellants argue that expert testimony was needed to fix the *amount* of damages. They maintain that their situation differs from the standard rental case because of the expensive furnishings in the apartment and the special character of the neighborhood. We do not agree that these factors compel the admis-

---

1. The complaint also sought an equal amount for punitive damages, but this claim was apparently abandoned at trial and is not before us on this appeal.

2. Jenkins v. United States, 113 U.S.App. D.C. 300, 306, 307 F.2d 637, 643 (1962), citing McCormick, Evidence § 13 (1954), and authorities therein.

3. Pollard v. Hawfield, 83 U.S.App.D.C. 374, 170 F.2d 170 (1948), cert. denied 336 U.S. 909, 69 S.Ct. 514, 93 L.Ed. 1073; Harvey's Inc. v. A. C. Electric Co., D.C. App., 207 A.2d 660 (1965); Benjamin v. Hot Shoppes, Inc., D.C.Mun.App., 185 A.2d 512, f. 3 (1962).

4. Henkel v. Varner, 78 U.S.App.D.C. 197, 138 F.2d 934 (1943); Kenney v. Washington Properties, 76 U.S.App.D.C. 43, 128 F.2d 612, 146 A.L.R. 1 (1942); Gerber v. Columbia Palace Corp., D.C. Mun.App., 183 A.2d 398 (1962); Grober v. Capital Transit Co., D.C.D.C., 119 F. Supp. 100, 102 (1954).

sion of expert testimony. Appellants had adequate opportunity in the course of a two-day trial to present for the consideration of the jury ample evidence relative to the value of the property and the damages sustained beyond ordinary wear and tear. The question of the amount of damages was properly within the province of the jury and there was competent evidence upon which it could make its award of $175. We find no abuse of discretion on the part of the trial judge in denying the admission of expert testimony.

Although not assigned as error, appellants argue that they were prejudiced by the trial judge in that he, in the presence of the jury, minimized the importance of their claim and substituted his judgment on some phases of the damages for that of the proffered "experts." These comments of the court were set forth in appellants' affidavit in support of a post-trial motion for an additur or for a new trial and were presented in their brief before this court, but, for undisclosed reasons, were not included in the Statement of Proceedings and Evidence by which, as we have often stated, we are bound.[5] In the absence of an adequate record on this point, we are unable to determine whether there were such statements constituting error.[6]

Finding no basis for reversible error, we affirm the judgment of the trial court upon the jury verdict for damages in the amount of $175 in favor of appellants.

Affirmed.

---

5. Stahl v. Groff, D.C.App., 213 A.2d 296, 297 (1965) ; Baer v. District of Columbia, D.C.Mun.App., 182 A.2d 839, 840 (1963).

6. Berenter v. Hans, D.C.Mun.App., 184 A. 2d 208, 209 (1962).