**Cornelius J. GREENWAY, Appellant,**

v.

**BUZZARD POINT BOATYARD CORPORATION, Appellee.**

**No. 3831.**

District of Columbia Court of Appeals.

Argued Feb. 1, 1966.

Decided March 14, 1966.

Cornelius J. Greenway, pro se.

Marvin E. Schneck, Washington, D. C., with whom L. Chris Lampros, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

This is an appeal from a judgment for possession of a boat slip belonging to appellee boatyard and for arrears in rent for its use in mooring a vessel owned by appellant Greenway.

In 1962 appellant orally agreed with appellee to pay $30 a month for the right to place his boat in a slip at the boatyard and to receive water and electricity. The Greenway family used the moored vessel as a residence and paid the agreed sum for the use and occupancy of the slip until October 1, 1964, when appellant refused to make further payments on the ground of the alleged disrepair of the dock and pilings, although he continued to live on the boat and to use the dock and the water and electric facilities as late as the trial date.

In compliance with the statute,[1] the boatyard operator gave appellant a 30-day notice of termination of his further right to

---

1. D.C.Code, 1961, § 11-735.

use the boat slip and filed landlord and tenant proceedings in the trial court to regain possession of the boat slip and for arrears of rent. Following testimony by witnesses for both parties, the trial judge ruled that there was a landlord and tenant relationship between Greenway and the boatyard and that, absent a showing that the dock and pilings were in a state of disrepair, the landlord was entitled to possession of the leased area and judgment for unpaid rent in the amount of $240.

Appellant contends that no landlord-tenant relationship existed between the parties, that the contract was a maritime contract exclusively within the admiralty jurisdiction of the United States District Court for the District of Columbia, and that the Landlord and Tenant Branch of the trial court had no power to return possession of the boat slip to appellee and direct seizure of the Greenway vessel.

 We first have considered appellant's challenge to the jurisdiction of the Landlord and Tenant Branch of the trial court to hear and decide this case. It has long been settled that admiralty jurisdiction in cases of contract depends primarily upon the nature of the contract and is limited to contracts, claims and services purely maritime, touching duties and rights appertaining to commerce and navigation. People's Ferry Co. of Boston v. Beers, 20 How. 393, 15 L.Ed. 961 (1858); Ex parte Easton, 95 U.S. 68, 72, 24 L.Ed. 373 (1877); Upper Steamboat Co. v. Blake, 2 App.D.C. 51 (1893); The James T. Furber, 157 F. 126, 129 (1907). In the light of this recognized principle, we have examined the record of this case.[2] It appears appellant used the boat as a residence or for housing accommodations for over three years. The situation was comparable to an automobile trailer occupying a site on land and having the use of water and electricity. In the instant case appellant used the slip in the boatyard rather than having the boat pulled out of the water and placed on land in the boatyard. He presented no evidence to establish that his contract was purely maritime and connected in any way with commerce and navigation, aside from the incidental involvement of a navigable vessel. In our opinion the agreement between the parties was essentially "non-maritime" in purpose and objective. We hold that the trial judge had jurisdiction to decide the question of appellant's right to the continued use of the boat slip after default in his payments under his tenancy with the boatyard.

 The record also supports the trial judge's finding that there was no disrepair to the boat slip or dock and that appellant's claimed defense on that ground was without merit in fact. The admission of Greenway that he had defaulted in payment of the agreed monthly rentals amounting to $240 established a breach of the agreement between the parties and the right of appellee to regain possession of the boat slip.

Finding no error prejudicial to appellant's rights in this case, we hold the trial judge properly restored the premises to appellee and correctly entered judgment for both possession of the boat slip and for arrears of rent of $240 against appellant.

Affirmed.

---

2. Matters raised for the first time on appeal and statements or exhibits neither admitted at trial nor embodied in the approved Statement of Proceedings and Evidence have not been considered by this court. Waggaman v. Forstmann, D.C.

App., 217 A.2d 310, decided February 24, 1966; Stahl v. Groff, D.C.App., 213 A.2d 296, 297 (1965); Baer v. District of Columbia, D.C.Mun.App., 182 A.2d 839, 840 (1962).