Marion Crombie KAHN, Appellant,

v.

Donald P. KAHN, Appellee.

No. 4405.

District of Columbia Court of Appeals.

Argued Dec. 16, 1968.

Decided May 7, 1969.

Nicholas H. Zumas, Washington, D. C., for appellant.

Michael F. X. Dolan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

As this case centers largely around custody of children, the parties hereto will be referred to as the father and the mother. In 1965, the mother was awarded an absolute divorce and given custody of the four children with reasonable rights of visitation to the father. The father was ordered to pay $12,500.00 a year alimony to the mother and $16,000.00 a year to her as support for the children. Following the divorce the father encountered various difficulties in seeing his children. Upon learning that the mother intended to move to Florida and take the children with her, the father obtained a consent order which amended the custody decree and allowed him more specific rights of visitation with the children. This did not settle the matter. There were continuing arguments between the parties over the children, and the father felt the mother was alienating the children from his mother, their paternal grandmother. Intermingled with these arguments was the mother's persistent attempt to obtain from the father a "lump sum" settlement of $100,000.00 in lieu of alimony. There was no accord and the father filed a motion to modify the amended custody decree and to have custody of the children awarded to him.

After a full hearing the trial court found that the father had been "deliberately and systematically thwarted and hindered in his attempts to enjoy the visitation rights" given him; and that the mother's purpose in "her continued campaign of harassing" the father in the enjoyment of those rights was to force him to "negotiate a sizeable lump sum" settlement in her favor. The court further found that the mother had used the children and the visitation rights of the father as a form of blackmail; that her conduct was reprehensible and raised doubts as to her character; that she had attempted to "win the children away from the father's affections"; and that the mother without justification had attempted to "alienate the children from the father and also the paternal grandmother."

On the basis of such findings, the court amended the previous custody order by awarding the custody of the two sons (16 and 14 years of age) to the father, and leaving custody of the two daughters (11 and 10 years of age) with the mother. Visitation rights were awarded the father and mother with respect to the children in custody of the other. The support award of the children was modified to conform with the changed custody rights. Finally, the court ordered that the mother's alimony for the current year be reduced from $12,500.00 to $11,500.00. This reduction, the court stated, was made "because of the needless and unnecessary expenses of time and legal fees" caused the defendant (father) by the mother's "deliberate, willful and improper conduct in thwarting and attempting to thwart for

her own selfish purposes defendant's enjoyment of his visitation rights with his children."

On this appeal the mother's argument basically is (1) that a decree awarding permanent custody is res judicata and cannot be amended without a showing of changed cricumstances, (2) that a change of custody cannot be made for the purpose of punishing a parent, and (3) that divided custody of children should not be ordered except for compelling reasons. In general, we agree with each of the principles stated but we do not agree that the court's order violated those principles.

In our opinion the conduct of the mother, as found by the trial court, created a sufficient change of circumstances to warrant the court in reviewing the prior custody order and making such changes as it found were required for the present welfare of the children. Alienation of the children's affection from the other parent[1] and refusal by the custodial parent to comply with specific provisions of the decree as to visitation rights[2] are factors which may be properly considered in determining whether a change in custody is for the best interest of the children. Conduct which interferes with the fulfillment of children's need for the guidance and love of their father may have a serious effect on the welfare of the children. We believe that the trial court properly considered the mother's misconduct in the light of the well-being of the children, and we find nothing in the record to support the claim that the court's action was based on a desire to punish the mother.

As a general proposition, we believe it is not desirable to divide children between parents. Ordinarily, young brothers and sisters are better off living in the same home, but this is not an inflexible rule. In each particular case the court must decide what is best for the welfare of the children. As we have said on a prior occasion,[3] the award of custody of children presents to the trial court a most serious and difficult question, and we are slow to substitute our collective judgment for that of the trial court.

 Although the mother assigned as error the one year reduction in her alimony, this claim of error was not argued in her brief and we find no error in respect thereto.

Affirmed.

---

1. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996 (1952).

2. *See* cases cited in 27B C.J.S. Divorce § 317(2), at 548.

3. Coles v. Coles, D.C.App., 204 A.2d 330 (1964).