**Miriam H. Cobb CARTER, Appellant,**

v.

**Otis J. COBB, Appellee.**

**No. 4727.**

District of Columbia Court of Appeals.

Argued Sept. 23, 1969.

Decided Dec. 12, 1969.

Carl P. Fogel, Washington, D. C., for appellant.

King David, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This appeal is taken from an order of the trial court dismissing appellant's (mother's) motion for custody of three minor children and adopting the findings contained in a prior decree of the Circuit Court of Charles County, Maryland, which vested custody in appellee (father).

The parties married in North Carolina in 1950, moved to Maryland, separated in 1958, subsequently divorced, and in 1962, appellant remarried. Appellee has cared for their three minor children since January 1958, residing in Charles County, Maryland. In 1966 appellant, a resident of the District of Columbia, filed a petition in the Circuit Court of Charles County seeking custody of her eldest child. On March 17, 1967, after a hearing, that court denied the petition and directed that all the children remain in the appellee's custody, and that visitation rights be allowed appellant. The decree incorporating the order was not signed by the circuit court judge until June 28, 1967. Sometime after March 17 appellant took physical custody of the children and refused to surrender them.

A writ of habeas corpus was issued by the court below on June 29, 1967 directing appellant to produce the minor children before it and to show cause why they should not be returned to appellee's custody. After the parties agreed informally that the children would be returned to the father during the pendency of the litigation, appellant counterclaimed by a petition for custody in the court below. The court treated the matter as a suit for custody and, after a hearing in November 1967, entered the order noted above, finding that appellant had shown no "change in circumstances" subsequent to June 28, 1967, which would warrant disregard of the Charles County decree.

As error, appellant complains that the trial court denied her the opportunity to show "changed circumstances" during the period between March 17, 1967 and June 28, 1967, the period after the Charles County Court announced its decision but before the decree was signed. We find in the record no proffer of evidence to show changed circumstances in this period, nor is there a showing that the lack of opportunity to introduce evidence concerning that particular time period prejudiced appellant's case. Under the circumstances, the trial court's reliance on Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945) in holding the Charles County decree res judicata was proper, and not prejudicial to appellant.

If appellant believes the best interests of the children are not in fact being served, she, of course, has access to the Circuit Court of Charles County to establish this. There is nothing in this record to indicate that the circuit court will not act in sincerity and wisdom for the protection of the children and we will not assume otherwise. Sampsell v. Superior Court, 32 Cal.2d 763, 779, 197 P.2d 739, 750 (1948).

Since we find no substantial error,[1] the order is

Affirmed.

---

1. The allegation of prejudice by the trial Court is unsupported and without merit.