Bernadette J. **MONACELLI**, Appellant,

v.

Mario G. **MONACELLI**, Appellee.

No. 6004.

District of Columbia Court of Appeals.

Argued July 24, 1972.

Decided Oct. 31, 1972.

---

6. As we have indicated, appellant raised no issue as to the seizure of the adding machine at his residence (*see* note 2, *supra*).

**446**

Jack C. Sando, Washington, D. C., with whom Mark B. Sandground, Washington, D. C., was on the brief, for appellant.

Alfred G. Graf, Washington, D. C., for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

PAIR, Associate Judge.

This appeal is from an order entered August 3, 1971, in respect to the custody of three minor children born of the marriage of appellant and appellee.

It appears that, by order entered in the Family Division of the Superior Court on October 16, 1969, the father of the children (appellee) was awarded an absolute divorce from appellant on the ground of desertion and was awarded also custody of the three children. Influencing the court in its initial disposition of the marital dispute were findings that appellant had (1) deserted appellee and removed the children from the jurisdiction to frustrate his visitation rights, (2) exposed the children to environs in which she and members of her parental family instilled in the children great and unfounded fears of appellee, (3) failed in certain respects to care for the personal hygiene of the male children, and (4) denied appellee, notwithstanding *pendente lite* orders, his visitation rights—all

contrary to the welfare and best interests of the children. The court found also, however, that appellant was in need of psychiatric treatment and was therefore unable to form the intent required as a condition to a judgment of contempt. The court set a date six months thereafter for further consideration of any question of custody of the children and visitation rights.

■ There was no appeal from the order entered October 16, 1969, and it was not until March 15, 1971, that the parties were again before the court for further consideration of the matter of custody of the children and visitation rights.[1] At the conclusion of the latter hearing, the court made detailed findings of fact upon the basis of which it concluded that

> there had not been a change in circumstances as would warrant any change in the custody of [the] children prescribed in the order of October 16, 1969, or any change in the visitation rights prescribed by the . . . order of January 14, 1970.

The court then, by order entered August 3, 1971, ratified and confirmed the award of custody decreed in the order of October 16, 1969.[2] This appeal followed.

■ In our view the substance of appellant's contentions on this appeal is that the trial court abused its discretion when it refused to disturb its order of October 16, 1969, awarding custody of the three children to appellee. While, as a general rule, courts will indulge the presumption that the interests of young children are best served when they are in the custody of their mother, Winter v. Crowley, 126 U.S. App.D.C. 103, 374 F.2d 317 (1967), the controlling consideration is always the welfare of the children, Coles v. Coles, D.C. App., 204 A.2d 330 (1964).[3]

■ Consequently, where, as in this case, the matter of custody has been fully litigated and a judgment made that appellee was the proper custodian of the children, appellant was required to demonstrate a change in circumstances to warrant any change in custody. A review of the record discloses no showing of any change in circumstances. Appellant continued to reside in her parent's home without gainful employment and had made no plans to move to an environment better suited to the healthy development of the children. Moreover, notwithstanding protracted psychiatric care, appellant, in the opinion of the trial court, continued to exhibit the same attitudes demonstrated by her previous behavior which were deemed to have a deleterious effect upon the children. We find nothing in the record, therefore, to support appellant's contention that the trial court abused its discretion when it refused to disturb the order awarding custody to appellee.

Appellant contends, however, that the trial court erred in refusing to admit testimony of Dr. Berman, her psychiatrist, relating to her influence and effect upon the children. Dr. Berman was permitted to testify as to his opinion of appellant's physical and mental fitness to raise her children and as to the basis for that opinion. He was then asked to express his

---

1. The court had in January 1970 modified appellant's visitation rights upon appellee's motion. No appeal was taken from that order.

2. We reject as without substance appellant's contention that the March 15, 1971, hearing was a proceeding to determine permanent custody of the three children. The October 16, 1969, decree was in all respects a final order, subject to appeal.

Moreover, setting a date for further consideration of the matter of custody conferred no greater right upon appellant than she already had because, in matters relating to custody, the case always remains open. D.C.Code 1967, § 16–914; Carter v. Cobb, D.C.App., 259 A.2d 596 (1969).

3. See also Lindau v. Lindau, D.C.App., 286 A.2d 864 (1972); Dorsett v. Dorsett, D.C.App., 281 A.2d 290 (1971).

opinion as to whether—if custody were awarded to appellant—there would be any adverse effect upon the emotional lives of the children, or "anything, about [what] her influence would be on the children." The court sustained objections to these questions.

██ Appellant relies upon Johnson v. Johnson, 64 Ariz. 368, 172 P.2d 848 (1946), for the proposition that "when custody of children is involved . . . [it is] the duty of the trial court to hear all competent evidence which may be offered." We agree with this salutary proposition, but fail to see how it aids appellant. Dr. Berman candidly stated that he did not know the children and had never seen them.

Dr. Berman was competent to testify as to appellant's mental state. However, because he was unacquainted with the mental state of the children and no facts as to their mental state were posed in a hypothetical question, he lacked sufficient information upon which to base an opinion.[4]

█ As this court pointed out in Harvey's Inc. v. A. C. Electric Co., D.C.App., 207 A.2d 660, 661 (1965) :[5]

If it appears that the witness has no personal knowledge of the facts and the questions posed do not disclose them, he could have no reliable opinion on the subject and is incompetent to testify thereon.

Accordingly, the trial court did not err in refusing to admit the disputed testimony.

█ Appellant contends finally that the trial court, in reaching its decision, relied upon hearsay evidence. Such evidence consisted of medical and psychiatric evaluations of the children by two local physicians who were not called to testify. Assuming, *arguendo*, that the exhibits were inadmissible for any purpose, their admission was at most harmless error. In reviewing cases tried without a jury, we indulge the presumption that the court considered only competent evidence. Faunce v. Woods, 55 App.D.C. 330, 5 F.2d 753 (1925).[6] However, aside from the disputed evidence, the record strongly supports the findings and conclusion.[7]

█ In custody cases we do not enforce the adversary rights of the parties, In re West, D.C.App., 245 A.2d 636 (1968), and are therefore slow to substitute our collective judgment for that of the trial court. Kahn v. Kahn, D.C.App., 252 A.2d 901 (1969). Since the paramount consideration is the welfare of the minor children, in our view, the correct rule of law was applied in this case.[8] Consequently, the order entered August 3, 1971, must be

Affirmed.

4. *Cf.* Ross v. Newsome, 289 F.2d 209 (5th Cir. 1961). *See also* McFarland v. Gregory, 425 F.2d 443 (2d Cir. 1970).

5. *See* Waggaman v. Forstmann, D.C.App., 217 A.2d 310 (1966).

6. *Cf.* Knox v. Akowskey, D.C.Mun.App., 116 A.2d 406 (1955).

7. *See* D.C.Code 1967, § 17–305(a) (Supp. V, 1972) ; Springer v. Springer, D.C. App., 248 A.2d 822 (1969).

8. *See* Winter v. Crowley, 126 U.S.App. D.C. 103, 374 F.2d 317 (1967).