701 A.2d 1170

**Barry E. HILL**

v.

**Evelyn HILL.**

No. 544, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Oct. 29, 1997.

Reconsideration Denied Nov. 25, 1997.

38

Barry E. Hill, Silver Spring, for appellant.

No brief or appearance by appellee's counsel.

Submitted before DAVIS and EYLER, JJ., and ROBERT F. FISCHER, Judge (retired), Specially Assigned.

EYLER, Judge.

Appellant, Barry E. Hill, appeals from a child custody order and an order denying his request to modify child support. Finding no error, we affirm the judgment of the circuit court

## FACTS

### *Custody*

Appellant, Barry E. Hill, and appellee, Evelyn Hill, were married on July 10, 1981. Two children, Armond and Alexandra, were born as a result of the marriage. On August 8, 1992, while residing in the District of Columbia, the parties separated and have continued to live separate and apart since that time.

On November 18, 1992, appellant filed a pleading in the Superior Court of the District of Columbia ("Superior Court"), seeking a determination as to custody of the children and the right of visitation. Appellee filed an answer and counterclaim, in which she sought custody, legal separation, child support, and the distribution of property.

On August 12, 1993, the Superior Court entered a memorandum opinion in which it awarded legal and physical custody of the children to appellee, granted the right of visitation to appellant, and awarded child support to appellee. On August

27, 1993, the appellant noted an appeal. The decision was affirmed by the District of Columbia Court of Appeals on May 15, 1995.

On August 12, 1993, appellant filed a complaint for absolute divorce in the Superior Court, which was answered by appellee on August 26. No hearings were held in the District of Columbia with respect to the relief requested in those pleadings. Both parties became residents of the State of Maryland in 1995.

On April 11, 1996, appellant filed a complaint for absolute divorce in the Circuit Court for Montgomery County seeking, *inter alia,* permanent custody of the children and a determination as to child support. On June 13, 1996, appellee filed an answer and a counterclaim for divorce, custody, and other relief. Trial was held on the custody issue on October 2 and 3, 1996. On October 28, 1996, in a memorandum opinion, the circuit court granted appellee sole legal custody of the children with shared physical custody in both parties. On November 7, 1996, appellant filed a motion for reconsideration on the ground that the circuit court had applied the wrong standard. Appellant urged the circuit court to apply the best interest of the child standard and not the standard applicable to a modification of an award, *i.e.,* whether there was a material change in circumstances. The motion, supplemented by appellant on November 27, 1996, was denied by the circuit court on February 14, 1997.

### Child Support

On January 24, 1995, appellant filed in Superior Court a motion for modification of the child support obligation contained in its 1993 order. On October 24, 1995, the Superior Court determined that there was no substantial change to warrant a modification of child support. As mentioned previously, on April 11, 1996, appellant filed a complaint in the Circuit Court for Montgomery County. A hearing on appellant's request in the circuit court for modification of the child support award entered by the Superior Court was held before

**40**

a master in the circuit court on July 17, 1996. The master recommended denial of the request. Appellant filed exceptions, and after a hearing in October 1996, the circuit court, on February 14, 1997, denied the exceptions. Four days later, on February 18, 1997, appellant filed another motion to modify the child support order but presented no new arguments or facts. On March 27, 1997, the circuit court denied appellant's second motion for modification, on the recommendation of a master, without a hearing. This appeal followed.

## QUESTIONS PRESENTED

Appellant, in effect, presents two questions for our review, as rephrased by us for clarity:

1. Was the custody order issued by the Superior Court of District of Columbia a final order entitled to full faith and credit by the circuit court or was it a *pendente lite* order subject to *de novo* review?

2. Did the circuit court err in ruling on appellant's second motion to modify child support without first holding a hearing?

## STANDARD OF REVIEW

The standard of appellate review we must apply is governed by Maryland Rule 8–131(c).[1] We review the circuit court's decision without deference to determine if errors of law exist. All factual findings of the circuit court, however, are entitled to deference and must be upheld unless clearly erroneous.

---

1. Maryland Rule 8–131(c) provides:
 When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

### Discussion

### I.

■ The resolution of appellant's first question turns on whether the August 12, 1993, order of the Superior Court was entered *pendente lite* or as a final decree. Appellant contends that the Superior Court's order was issued *pendente lite*. Therefore, the circuit court was required to hear the custody matter *de novo* and apply the best interest of the child standard when rendering its decision on October 28, 1996. *Kovacs v. Kovacs,* 98 Md.App. 289, 310–12, 633 A.2d 425 (1993); *Kerns v. Kerns,* 59 Md.App. 87, 96–97, 474 A.2d 925 (1984). We hold that the Superior Court's order constituted a final decree and that the circuit court did not err in applying the modification standard.

In his brief, appellant points us to D.C.Code § 16–911 (1989 Repl.Vol.), the applicable statute in this case, and contends that the Superior Court's order was not intended to be a final decree. He argues that this provision, which was relied upon by the Superior Court, provides for the issuance of custody orders only on a *pendente lite* basis. In support of his argument, appellant calls our attention to the title of section 16–911.[2] He insists that the title of this code section plainly indicates that it only addresses *pendente lite* custody decisions made prior to the issuance of a divorce decree. Appellant further contends that under District of Columbia law, a permanent order of custody can only be issued in accordance with D.C.Code § 16–914 (1989 Repl.Vol.) and pursuant to a valid divorce decree. Appellant is incorrect in his contentions.

Based on this Court's interpretation of the case law and the relevant statutes, we hold that the August 12, 1993, order of the Superior Court constituted a final decree. A straightforward reading of the title of section 16–911 indicates that the phrase *pendente lite* modifies alimony and not custody. Moreover, D.C.Code § 16–912 (1989 Repl.Vol.) is entitled "Perma-

---

2. The title of D.C.Code § 16–911 (1989 Repl.Vol.) is "Alimony pendente lite; suit money; enforcement; custody of children."

nent alimony, enforcement, retention of dower." If section 16–911 was intended only to provide the Superior Court with the ability to issue temporary custody orders, then logic would dictate that section 16–912 would address permanent custody.

■ Appellant is wrong when he cites section 16–914 as the only provision in the D.C.Code that permits the issuance of final custody orders. Moreover, section 16–914 does not require that a divorce decree be entered in order for a final custody order to take effect. Contrary to appellant's arguments, section 16–914 is a standard provision that enables a court to retain jurisdiction on alimony and custody issues. Consequently, a final custody order can be issued pursuant to section 16–911. To hold otherwise would lead to the illogical conclusion that before a final custody order could be issued there would have to be a valid divorce decree. This result does not comport with common sense. Thus, in a case such as the one before us, in which appellant only requested custody and appellee's request for a legal separation was denied, the order of the Superior Court was a final order.

Finally, our conclusion that the Superior Court order is final is supported by District of Columbia case law. In *Monacelli v. Monacelli*, 296 A.2d 445, 447 (D.C.Ct.App.1972), the District of Columbia Court of Appeals made clear that before an existing custody order can be modified, the moving party must demonstrate a change in circumstances. The *Monacelli* case is distinguishable on its facts but its conclusion is generally applicable. In addition, the court in *Monacelli* determined that, in any custody matter, the controlling consideration is always the welfare of the children. *Id. See also Bazemore v. Davis*, 394 A.2d 1377, 1387 (D.C.Ct.App.1978).

■ The District of Columbia case law was codified in the recent amendments to Title 16 of the D.C.Code. Specifically, the Joint Custody of Children Act of 1996 became effective on April 18, 1996, seven days after appellant filed his complaint for absolute divorce in the Circuit Court for Montgomery County. The act included the following provision:

An award of custody may be modified or terminated upon the motion of one or both parents, or on the court's own motion, upon a determination that there has been a substantial and **material change in circumstances and that such modification or termination is in the best interest of the child.** (Emphasis added.)

D.C.Code § 16–911(a–2)(4)(A) (1997 Repl.Vol.). This provision makes clear that a modification of a custody order should occur only if there is a material change in circumstances and the modification is in the best interest of the child. *See Monacelli, supra.* More important, D.C.Code § 16–914(a–2) (1997 Repl.Vol.) added the following:

The mere enactment of the Joint Custody of Children Act of 1996 does not, in and of itself, constitute a substantial and material change in circumstances and, therefore, may not constitute the sole basis for modifying or terminating a custody award.

The language of this provision supports our reading of *Monacelli,* and clearly implies that prior to the enactment of this statute, a party was required to show a material change in circumstances before an existing custody order could be modified.[3] As a result, the circuit court in this case applied the appropriate standard in rendering its decision on October 28, 1996. In pertinent part, the circuit court stated:

In determining whether or not the Court should consider modification of custody, we look to whether or not the moving party has shown a **material change in circumstances affecting the best interests of the children.**

Concluding that the Superior Court's order was a final decree, we hold that the custody order was entitled to full faith and credit, U.S. Const. art IV § 1, and that the circuit court applied the correct legal standard.

---

**3.** District of Columbia case law treated the Superior Court's order as a "final order" within the meaning of Maryland law, which distinguishes between *pendente lite* and final orders.

## II.

 Next, appellant contends that it was error for the circuit court to rule on his second motion to modify child support without a hearing. Under Maryland law, when motions and other pleadings are considered by a trial judge, it is the **substance** of the pleading that governs its outcome, and not its **form**. In other words, the nature of a motion is determined by the relief it seeks and not by its label or caption. *See Alitalia v. Tornillo*, 320 Md. 192, 195–96, 577 A.2d 34 (1990); *Gluckstern v. Sutton*, 319 Md. 634, 650–51, 574 A.2d 898 (1990); *State v. Hogg*, 311 Md. 446, 457, 535 A.2d 923 (1988); *Higgins v. Barnes*, 310 Md. 532, 535 n. 1, 530 A.2d 724 (1987) ("[O]ur concern is with the nature of the *issues* legitimately raised in the pleadings, and not with the labels given to the pleadings").

After filing for absolute divorce in Maryland, a hearing on child support was held before a master on July 17, 1996. The master recommended denial of appellant's request for modification. Exceptions were filed, and after holding a hearing, the circuit court overruled the exceptions. Four days after the ruling, without putting forth any new arguments or presenting any additional facts, appellant filed another motion to modify the child support order.

Regardless of what appellant labeled his second motion, it amounted, in effect, to a motion to alter or amend a judgment pursuant to Maryland Rule 2–534. Therefore, because Rule 2–311(f) does not require that a hearing be held on motions to alter or amend judgments, the circuit court did not err in denying appellant's second motion for modification of child support without a hearing. Appellant had a full and fair opportunity to present his arguments regarding child support at a hearing. As a result, a second hearing based on the same arguments and facts would have been duplicative and an inefficient use of the circuit court's resources.

**JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.**