**KIRK v. KIRK.**

No. 8921.

United States Court of Appeals
District of Columbia

Argued May 8, 1945.

Decided June 25, 1945.

Mr. Abraham Chaifetz, of Washington, D. C., for appellant.

Mr. Ray L. Jenkins, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by a mother from an order granting a writ of habeas corpus which directs her to deliver her three year old son to appellee, the boy's paternal grandmother.

Thorne Kirk and appellant Helen Anna Cheatham Kirk, both of whom were residents of Parkersburg, West Virginia, were married in 1939. Their son was born in November, 1941. For reasons which do not appear, the husband never worked long at any one job and the couple never lived long in a home of their own. They occupied various apartments for short periods and spent other periods in the Kirk home or in the Cheatham home. In October, 1943, appellant Helen left her husband and brought the child to Washington where she went to work as a clerk in a drug store. She was unable to make satisfactory living arrangements at that time and soon took the child back to her mother in Parkersburg, but returned to work in Washington.

In May, 1944, the father took the child to appellee's home and filed in West Virginia a divorce suit which is still pending. Appellant filed an answer and cross-bill. Both husband and wife sought custody of the child. On June 19, 1944, the West Virginia court awarded custody to the mother and the father in alternate weeks. On July 21, 1944, because an illness made it necessary for the child to have rest and quiet, the court awarded temporary custody to the paternal grandmother, appellee herein. Appellant filed a further petition, asking custody and stating that she intended to remain in Parkersburg to care for the child. The West Virginia court on August 19, 1944, denied this petition and continued temporary custody in appellee. Appellant and her husband became reconciled, rented an apartment in Parkersburg, and asked the court to return the child to them. The court declined to modify its formal order but orally instructed appellee to deliver the child to its parents. Appellee did so. On August 25, 1944, appellant left Parkersburg without notice and brought the child to Washington where they have since lived. The West Virginia court adjudged appellant in contempt. Appellee came to Washington and filed in the District Court the present petition for a writ of habeas corpus.

The District Court found that there had been no substantial change in circumstances since the date of the West Virginia order which awarded custody to appellee. The court held that it was therefore bound by that order. However, it made further findings. It found that the child was in good health and that appellant was of good character and a good mother. It found that appellant's present home arrangement was not satisfactory for the best interests of the child, but it indicated orally that it meant only, not desirable as a permanent arrangement; "for the time being the child is being satisfactorily cared for." It thought that "ultimately the child should be with his mother," but that it would be best for appellant to go back to West Virginia and work out with the court there a solution by which the child could be placed in her custody.

■ We think the District Court erred in holding itself bound by the West Virginia order. Due weight should be given to that order, but the ultimate question is what the child's present and future welfare requires.[1] Moreover the court's finding that there had been no substantial change of circumstances since the West

Virginia order appears to be contradicted by its finding that the child is now in good health. The West Virginia court thought the child could best recover from an illness in appellee's home. Its order left the way open for reconsideration after the child recovered. The chief circumstance which occasioned the order no longer exists. Since the child is now in the District of Columbia the courts of the District may control its custody.

■ We think the District Court should determine, with the aid of whatever information may be obtainable from disinterested and experienced observers,[2] what custody will best promote the child's welfare. Other things being equal, the child's mother should be preferred to its grandmother;[3] and other things being equal, the mother's actual custody of her child should not be disturbed while the divorce suit between the parents is pending. Great weight should be given to the fact that the child now has an opportunity, for the first time in its life, to feel some degree of permanence in its surroundings. "Care must be taken that the child is not tossed about like a ball between the contesting parties."[4]

Reversed and remanded.

---

[1] Cook v. Cook, 77 U.S.App.D.C. 388, 135 F.2d 945; Boone v. Boone, —— U.S. App.D.C. ——, 150 F.2d 153.

[2] Boone v. Boone, supra.

[3] Sardo v. Villapiano, 65 App.D.C. 121, 81 F.2d 255.

[4] Snow v. Snow, 52 App.D.C. 39, 40, 280 F. 1013.