STUMPF v. MATTHEWS, United States
Marshal.
No. 10714.

United States Court of Appeals
District of Columbia Circuit.

Decided July 2, 1951.

M. Edward Buckley, Jr., Washington, D. C., for appellant.

Joseph M. Howard, Asst. U. S. Atty., George Morris Fay, U. S. Atty., Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

STEPHENS, Chief Judge.

This is an appeal from an order of the United States District Court for the District of Columbia entered April 5, 1950. The order dismissed the appellant's petition for a writ of habeas corpus, discharged a writ which had been issued pursuant to

the petition and remanded the appellant to the custody of the appellee United States Marshal. The order was entered after a hearing. The petition for the writ attacked the validity of the appellant's detention by the Marshal for delivery to Virginia authorities for return to Virginia to stand trial under an indictment charging forgery. The issue in the habeas corpus proceeding was as to the appellant's fugitivity. The detention by the Marshal was by virtue of an Order to Surrender issued by the Chief Judge of the United States District Court for the District of Columbia after an extradition hearing.[1]

The record in the case was first due to be filed with the Clerk of this court on May 15, 1950. By successive orders of the District Court the time for filing the record and docketing the appeal was extended to July 5, 1950, and on that date a preliminary record was filed. By an order of this court of July 19, 1950, the time for filing the complete record was extended, for cause shown, to July 31, 1950. The record was not filed, and no application for an extension of time within which to file it was made, on or before that date. On September 28, 1950, the record was lodged with the Clerk, but was not filed because not presented within the time allowed. On October 24, 1950, the appellee Marshal filed his pending motion to dismiss the appeal for failure to file the record within time, as extended. On October 26, 1950, the appellant's pending motion for leave to file the record, time having expired, was filed. The court held in abeyance action upon that motion, but on January 30, 1951, directed the appellant to file within ten days a statement of the points of law which he intended to present upon the appeal, and also within such time to make a showing, by references to the record, that the points are substantial. The appellant failed to comply with this order within the time allowed, but on February 9, 1951, the last of the ten days, filed a motion to extend such time to February 15,

[1]. By virtue of D.C.Code, § 23–401 (1940) the Chief Judge of United States District Court for the District of Columbia acts in extradition cases as the executive authority for the District pursuant to Sections 5278 and 5279 of the Revised Statutes of the United States (2d ed. 1878), 18 U.S.C. §§ 3182, 3194 (1951 ed.).

1951. Action on this motion was held in abeyance by the court. On February 26, 1951, the appellant filed the pending motion for leave to file the statement of points of law, notwithstanding that the time allowed for filing it had expired.

Rule 32(b) of the General Rules of this court provides that "When by these rules or by order of this court an act is required or allowed to be done at or within a specified time, the court or a justice thereof for cause shown may (except where the time is also fixed by statute), at any time in the discretion of the court or a justice thereof . . . (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect. . . ."[2] In support of the appellant's pending motion for leave to file the record, time having expired, and by way of excuse for the neglect to file it within time, as extended, the appellant's counsel asserted that on July 31, 1950, the last day on which the record could be filed in time, "counsel for appellant was out of the city on vacation and was of the opinion that appellant's complete Record on Appeal would be filed by his secretary on or before the due date for filing same. On the same day counsel returned to his office, the secretary left the city on her vacation. Counsel for appellant thought that appellant's complete Record on Appeal had been filed by his secretary while he was away, and counsel's secretary was under the impression that counsel had filed appellant's complete Record on Appeal before he left on his vacation." In support of the motion of February 26, 1951, for leave to file the statement of points of law, time having expired, and by way of excuse for the failure within time, i. e., by February 9, 1951, to file such statement and to make the required showing that the points are substantial, counsel for the appellant asserted that ". . . on February 12, 1951, the secretary to the attorney for appellant failed to appear at the office of the attorney for appellant, that appellant's attorney was advised that the secretary was away from the office due to illness, however, on February 23, 1951, the attorney for appellant was further advised that said secretary had left the attorney's employment, without so notifying him, therefore, the attorney hired a typist over this past week-end to type the said statement of the points of the law, and the motion herein." On June 11, 1951, the court heard oral argument by counsel for the appellant and for the appellee Marshal on the pending motions, the argument being directed particularly to the question whether or not there was a showing of excuse for the appellant's neglect to file the record and the points of law within time and to the question whether or not the points of law are substantial.

The court is unable to conclude that a showing has been made within Rule 32(b) (2) of excuse for the neglect to file within time the record and the statement of points of law and the showing that such points are substantial. The excuses offered are not convincing. The court can therefore afford the appellant no relief by enlargement of time under that rule.

But the instant appeal involves a substantial question. This was conceded by the Government at the oral argument.[3] And there is a public interest against denial of consideration on appeal of a substantial question as to the correctness of an

2. Rule 32 (b) (2) of the General Rules of this court is applicable rather than Rule 45 (b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C., because a habeas corpus proceeding is a civil proceeding. It is one brought for the enforcement of the civil right of personal liberty. Ex parte Tom Tong, 108 U.S. 556, 2 S. Ct. 871, 27 L.Ed. 826 (1883); Kabadian v. Doak, 62 App.D.C. 114, 65 F.2d 202 (1933), cert. den. Kowal v. Perkins, 290 U.S. 661, 54 S.Ct. 76, 78 L.Ed. 572 (1933).

3. The Virginia indictment charged the appellant with forgery committed "on the — day of October, 1949. . . ." The question is whether or not this inexplicitness in the indictment deprived the appellant of a right to show at the extradition hearing that he was not a fugitive, specifically, that he was not in Virginia on the day when the crime with which he is charged is alleged to have been committed.

order appealed from where the personal liberty of an appellant is at stake. Christoffel v. United States, 88 U.S.App.D.C. 1, 190 F.2d 585 (On Reconsideration). Although the instant habeas corpus proceeding is a civil proceeding it involves the appellant's liberty—for if the order of the District Court dismissing the appellant's petition for writ of habeas corpus, discharging the writ and remanding the appellant to the custody of the Marshal is affirmed, the appellant, by virtue of the Order to Surrender issued by the Chief Judge of the District Court in the extradition proceeding, will be surrendered to an agent of Virginia to be conveyed to that state to answer there to the charge of forgery. If the appellant is not a fugitive within the meaning of the extradition statutes, this conveyance to Virginia and consequent subjection to a criminal proceeding is not warranted in law.

 Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C. (which rules are by Rule 9 of the General Rules of this Court of Appeals made applicable to civil appeals from the District Court) provides that a party may appeal from a judgment by filing with the District Court a notice of appeal. It further provides that " . . . Failure of the Appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, *for such action as the appellate court deems appropriate,* which may include dismissal of the appeal. . . ." (Emphasis supplied) Under this rule the court has discretion to consider and determine an appeal notwithstanding the failure of counsel for an appellant to comply with procedural requirements for the filing of the record. This

discretion should be exercised sparingly. But we think that such a case as the instant case warrants its exercise in order to avoid denial of consideration of the substantial question involved in the appeal—the appellant's liberty being at stake. So far as the record shows the appellant has not been guilty of personal neglect in respect of the failure to file the record in time and has not heretofore had reason to doubt that his counsel would give due attention to the appeal. We think that under these circumstances to dismiss the appeal because of the failure of appellant's counsel to file the record in time and thereby to subject the appellant to deportation to Virginia to answer to a criminal charge without consideration of the substantial question involved in the appeal, would be a miscarriage of justice which should not be permitted to occur. We base our ruling upon Christoffel v. United States, supra.[4] The facts in that case parallel those in the instant case except that the Christoffel case was a criminal proceeding in which the defendant had been convicted and sentenced to imprisonment. But as we point out above the instant case is, although technically civil, one which nevertheless affects the appellant's liberty. The reason for the ruling in the Christoffel case supports the action we take in the instant case. Therefore, although we are obliged to deny the motion for enlargement of time as made under Rule 32(b) (2) on account of alleged excusable neglect, finding the neglect not excusable, we shall, acting under Rule 73(a) and on the court's own motion, extend the time for filing the record for five days after the date of this decision. We shall deny the motion to dismiss the appeal, but without prejudice to a further such motion should a new ground arise.

4. In the Christoffel case the appellant, after conviction of perjury, had been sentenced to imprisonment. The record was not filed within time, the failure to file it was that of appellant's counsel, and there was no showing of excusable neglect. We therefore denied a motion made under Rule 45 (b) (2) of the Federal Rules of Criminal Procedure for enlargement of the time within which to file the record. But there was a substantial question in the case as to the correctness of the conviction and on that account and because the appellant was under sentence of imprisonment, we exercised, on our own motion, the discretion vested in the United States Courts of Appeals by Rule 39 (a) of the Federal Rules of Criminal Procedure to consider and determine questions on appeal notwithstanding failure of counsel to comply with procedural requirements.

In further parallel to the action taken in the Christoffel case, we refer this case to this court's Committee on Admissions and Grievances for the Committee's consideration and for such recommendation or petition to the court in respect of the conduct of appellant's counsel as the Committee may see fit to present.

Appellant's motions denied.

Time for filing of the record and of appellant's statement of points of law extended by the court, under Rule 73(a), until five days after the date of this decision.

Appellee's motion to dismiss the appeal denied, without prejudice to a further such motion should a new ground arise.