Irving R. **CHERRY** and Floyd Fisher,
Petitioners,

v.

Curtis **REID**, Superintendent, D. C. Jail,
Respondent.

Misc. No. 518.

United States Court of Appeals
District of Columbia Circuit.

Nov. 3, 1955.

Petition for Rehearing Denied
Nov. 17, 1955.

Writ of Mandamus Denied
March 26, 1956.

See 76 S.Ct. 550.

———◆———

Messrs. Francis L. Casey, Jr., and Saul G. Lichtenberg, Washington, D. C., for petitioners.

Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Carl W. Belcher, Asst. U. S. Attys., for respondent.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

The matter before us is a motion for leave to file a record, time having expired.

The appeal sought is from the discharge of a writ of *habeas corpus* by which it was sought to avoid an extradition. Our movants, Cherry and Fisher, are subject to an extradition warrant. Hearings on the warrant and on the petition for a writ of *habeas corpus* were had in the District Court. In this court we appointed counsel and heard extended argument upon a petition for leave to proceed in *forma pauperis*. Memoranda were filed. Few questions are open, either in the District Court or here, in extradition proceedings.[1] We found no question presentable on this appeal which would justify allowance of appeal in *forma pauperis*, and we denied the petition. We denied a stay of extradition and also denied an extension of time to file the record. We find no reason to change the views we then held, and we decline to exercise a discretion to permit the out-of-time filing. No purpose useful in the administration of justice would be served by our doing so in this case.

BAZELON, Circuit Judge (dissenting).

Notice of appeal from an order of the District Court dismissing appellants' petition for a writ of habeas corpus was filed on January 19, 1955. On February 21, 1955 (prior to expiration of the time allowed by Rule 73(g) of the Civil Rules, 28 U.S.C. for filing the record on appeal) appellants petitioned this court for leave to proceed on appeal in forma pauperis. The petition was accompanied by affidavits of poverty which were not challenged. Appellants' time for filing the record expired before we acted to deny this petition on May 20, 1955. Hence, on June 13, 1955, appellants, *pro se*, moved to extend the time for filing the record

---

1. See Johnson v. Matthews, D.C.Cir., 1950, 86 U.S.App.D.C. 376, 182 F.2d 677, cer-  tiorari denied, 1950, 340 U.S. 828, 71 S. Ct. 65, 95 L.Ed. 608.

on appeal. We denied that motion on July 1, 1955. Appellants, by counsel, then filed the present motion, on July 21, 1955, for leave to file the record. Appellants state that they have now obtained the funds necessary to defray the costs on appeal.

I think we improvidently denied the motion of June 13 and that we should therefore allow appellants the opportunity to file the record herein by granting the present motion.

The pendency of appellants' petition for leave to appeal in forma pauperis plainly constitutes "excusable neglect," for their failure to file the record on time within the meaning of Rule 32(b) (2) [1] of the General Rules of this Court. I think applicable case law supports the view that our discretion should be exercised, under that rule, to allow late filing of the record whenever "excusable neglect" is established; and that consideration of whether the appeal presents a "substantial question" as a basis for invoking our discretion under Rule 73 (a), Fed.R.Civ.P.,[2] is pertinent only in the absence of "excusable neglect." In Stumpf v. Matthews, 1951, 89 U.S.App. D.C. 231, 195 F.2d 25; and Christoffel v. United States, 1950, 88 U.S.App.D.C. 1, 4, 190 F.2d 585, 588 (On Reconsideration), this court decided that "substantial questions" were presented only after determining that there was no "excusable neglect." [3] In Stumpf, our late Chief Judge Stephens said:

"* * * although we are obliged to deny the motion for enlargement of time as made under Rule 32(b) (2) on account of alleged excusable neglect, finding the neglect not excusable, we shall, acting under Rule 73(a) and on the court's own motion, extend the time for filing the record for five days after the date of this decision." 89 U.S.App. D.C. at page 234, 195 F.2d at page 28.

Elemental fairness dictates that we should not require a showing of a "substantial question" in addition to "excusable neglect" simply because appellants have failed in, what we must assume to have been, a good faith effort to proceed with their appeal in forma pauperis.

I would therefore grant the instant motion.

1. Rule 32(b) (2) provides:
   "When by these rules or by order of this court an act is required or allowed to be done at or within a specified time, the court or a justice thereof for cause shown may (except where the time is also fixed by statute), at any time in the discretion of the court or a justice thereof * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

2. Rule 73(a) provides, in pertinent part:
   "A party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the Appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

3. In both of the cited cases, the petitions to allow late filing were prepared by counsel on the basis of a transcript of the trial proceedings. Here the motion of June 13 was filed by appellants, *pro se,* and there was no transcript in existence. This hardly provides a desirable basis for determining whether a "substantial question" is presented.
   In addition to the cases cited, the Supreme Court in Pyramid Motor Freight Corp. v. Ispass, 1947, 330 U.S. 695, 702–705, 67 S.Ct. 954, 959, 91 L.Ed. 1184, upheld the Second Circuit which had exercised its discretion under Rule 73(a) to allow a late filing of the record " 'despite the somewhat feeble excuses for delay, since the appeal presents a substantial question * * *' " This, in my view, is implicit recognition that "excusable neglect" would have made unnecessary any inquiry into substantiality.