**12**

Ronald Louis MAHER and James O'Donnell, Jr., Executors of the Estate of James O'Donnell, deceased, Appellants,

v.

Charles B. MURRAY, Guardian ad litem for Alice Hull O'Donnell, and Thomas J. Kenney, Committee of the Person and Estate of Alice Hull O'Donnell, Appellees.

Thomas J. KENNEY, Committee and Ancillary Committee of Alice Hull O'Donnell, Incompetent, Appellant,

v.

Charles B. MURRAY, Guardian ad litem for Alice Hull O'Donnell, Incompetent, Appellee.

Nos. 15250, 15251.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 6, 1960.

Decided Feb. 4, 1960.

Llewellyn C. Thomas, Washington, D. C., with whom Caesar L. Aiello, Arthur J. Hilland, and Ferdinand J. Mack, Washington, D. C., were on the brief, for appellants Maher O'Donnell, and James E. Hogan, Washington, D. C., also entered an appearance for appellant Maher & O'Donnell.

Frederick Bernays Wiener, Washington, D. C., with whom Richard H. Love, Washington, D. C., was on the brief, for appellant Kenney.

Charles B. Murray, Washington, D. C., for appellee Charles B. Murray, guardian ad litem for Alice Hull O'Donnell.

Richard H. Love and Frederick Bernays Wiener, Washington, D. C., entered appearances for appellee Thomas J. Kenney, Committee of the Person and Estate of Alice Hull O'Donnell.

Before PRETTYMAN, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

In a probate proceeding relating to the estate of James O'Donnell, deceased, the District Court on September 22, 1958, appointed appellee Charles B. Mur-

ray as guardian ad litem to represent the widow of the decedent, she being mentally incompetent. The Maryland courts had earlier appointed appellant Thomas J. Kenney as committee of her person and estate, Maryland having been her place of abode for some years. Mr. Kenney applied to the District Court here for appointment as ancillary committee to collect her assets in the District of Columbia, and this appointment was made on January 15, 1959. A few days thereafter, Mr. Kenney brought suit in the Maryland courts to set aside an ante-nuptial agreement made in 1940 between the decedent and the now widow, alleging that the agreement was invalid. By it, she had purported to renounce any interest in Mr. O'Donnell's estate.

On May 7, 1959, appellee Murray moved the District Court here for authority to bring suit in this jurisdiction to adjudicate the question of the validity vel non of the ante-nuptial agreement. This authority was granted by order dated June 2, 1959, with the further provision that the costs of the proposed suit should be borne by the decedent's estate. An interlocutory appeal was thereafter allowed under Section 1292 (b) of Title 28 of the U.S.Code (1958).

Appellants urge, *inter alia*, that the District Court, sitting in probate, had no power to authorize the guardian ad litem to bring suit to adjudicate the validity of the ante-nuptial agreement. We do not reach this question nor the further question, apparent on the record of the proceeding but not raised by the parties, as to whether or not the District Court, in light of this court's decision in Kimberland v. Kimberland, 92 U.S.App.D.C. 145, 204 F.2d 38 (1953), should have appointed a guardian ad litem for any purpose relevant to probating the will. We think that the authorization to bring suit in any event violated well established principles of comity, cf. Brooks Transp. Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841 (1946), and was an abuse of discretion. A similar suit was already pending in Maryland, against the proper parties and before a court of competent jurisdiction. No circumstances are presented which would justify the bringing of a separate suit on the same issue in this jurisdiction—a course wasteful not only of judicial time, but of the assets of the parties. When that suit reaches judgment, or when a proposal of settlement is made acceptable to the committee, he should report the matter to the District Court, which may then take such action as may appear to be appropriate and in accordance with law.

We do not reach, and express no opinion on, the remaining contentions urged on these appeals. The order under review will be reversed.

Reversed.