William H. BROWN, Appellant,

v.

Betty Moxley STEVENS, Appellee.

No. 18183.

United States Court of Appeals District of Columbia Circuit.

Argued March 4, 1964.

Decided April 9, 1964.

---

804

Mr. Harvey B. Bolton, Jr., Washington, D. C., with whom Messrs. William H. Clarke, Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellant.

Mr. D. Robert Cervera, Washington, D. C., with whom Mr. James A. Davis, Washington, D. C., was on the brief, for appellee.

Before FAHY, DANAHER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

In this matter involving custody of a ten-year-old child, the District of Columbia Court of General Sessions, on March 16, 1960, awarded permanent custody to the maternal aunt, a domiciliary of Maryland. In so doing, the court held both the mother and the father unfit.

On December 15, 1961, following a full hearing on a petition for custody brought by the father in the Circuit Court of Montgomery County, Maryland, custody was again awarded to the aunt. Shortly thereafter the instant proceedings were brought by the father in the District of Columbia Court of General Sessions— once more seeking custody of the child. On December 14, 1962, the District of Columbia Court of General Sessions granted him custody, ordering the Maryland custodian to turn the child over to her father. Neither the custodian nor the child was named as a party in the action before the Court of General Sessions.

The District of Columbia Court of Appeals reversed, holding "that the continuing jurisdiction of the District of Columbia court ceased when by that court's order the child, the subject of the custody proceeding, was removed from the District and placed in the custody of a resident of Maryland."

■■ We believe that the District of Columbia Court of Appeals was right, but for the wrong reason, in deferring to the courts of Maryland. Although the question as to dual jurisdiction with respect to the custody of a child may be confused in some areas, in the District of Columbia the law is clear. "A custody award is subject to change, in the court in which it was made, upon a proper showing, so long as the court has control of the child. When the child comes under the control of another jurisdiction, its courts have equal power. Whichever court exercises that power should respect the earlier judgment, to the extent that issues there presented were then judicially determined. To that extent the doctrine of res judicata and the full faith and credit clause should apply." Boone v. Boone, 80 U.S.App.D.C. 152, 154–155, 150 F.2d 153, 155–156 (1945).

■■ Thus in this case jurisdiction exists concurrently in the District of Columbia Court of General Sessions and the Circuit Court of Montgomery County, Maryland.[1] The question then presented is whether, under the circumstances of this case, the Court of General Sessions should have exercised its jurisdiction. For the following reasons, in the interest of avoiding a possible unseemly conflict between courts of concurrent jurisdiction, we think that as a matter of comity the Court of General Sessions should stay its hand and defer to the Circuit Court of Montgomery County:[2] (1) The custodian and the child reside, and have resided both before and since the original decree, in Montgomery County, Maryland; (2) the original decree recited that "permanent custody" of the child "is hereby permanently awarded" to the maternal aunt, a domiciliary of Montgomery County, Maryland; (3) after a full hearing in proceedings brought before the Circuit Court of Montgomery County, Maryland, by the father of the child, petitioner herein, alleging the jurisdiction of that court, custody was again awarded to the aunt; and (4) petitioner initiated these proceedings in the District of Columbia Court of General Sessions within a few months after the Maryland court order.

■ In the instant proceedings, unlike the proceedings in the Circuit Court of Montgomery County, neither the custodian nor the child is named as a party, apparently for the reason that the court's process does not run into Maryland. Even if the custodian and the child were properly before the Court of General Sessions, there would be a serious question as to how that court could enforce its decree. See Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958). These problems are not presented in proceedings before the Circuit Court of Montgomery County. Moreover, there is nothing in this record which would indicate that the Circuit Court of Montgomery County is not prepared to act in the best interests of the child. "[T]here is no reason why courts of one state should not be able to 'assume with confidence that the courts of the other jurisdiction will act with wisdom and sincerity in all matters pertaining to the welfare of this child.'" Sampsell v. Superior Court, *supra* Note 1, 197 P.2d at 750.

Remanded for further proceedings not inconsistent with this opinion.

---

1. See Sampsell v. Superior Court, 32 Cal. 2d 763, 197 P.2d 739 (1948); Stansbury, Custody and Maintenance Law Across State Lines, 10 Law and Contemporary Problems 819, 830–831 (1944).

2. Cf. Maher v. Murray, 107 U.S.App.D.C. 124, 275 F.2d 12 (1960).