**Annie D. WINTER, Appellant,**

v.

**Stephen Bradford CROWLEY, Jr.,
Appellee.**

**No. 19985.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1966.

Decided Feb. 8, 1967.

Pierre E. Dostert, Washington, D. C., with whom Mr. Samuel C. Borzilleri, Washington, D. C., was on the brief, for appellant.

Barry H. Helfand, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

BAZELON, Chief Judge:

We granted this review [1] of an order of the District of Columbia Court of Appeals dismissing an appeal for failure to file a brief within the time allowed. The relevant circumstances are as follows.

On November 4, 1965, appellee-husband filed a petition for a writ of habeas corpus in the Domestic Relations Branch of the District of Columbia Court of General Sessions, alleging that in a divorce decree of the Circuit Court of Montgomery County, Maryland, on March 21, 1961, he was awarded custody of the minor children, [2] and that appellant-wife had wrongfully removed three of the four children from the custody of appellee in Maryland and was wrongfully detaining them in the District of Columbia. Upon issuance of the writ, appellant answered and counterclaimed for a decree of custody and support, alleging the children had deserted their father because of harsh and cruel treatment. She further averred other changes of circumstance since the entry of the Maryland decree which, if true, seriously affect the welfare of the children.

The trial court held that the Maryland decree was conclusive between the parties on the issue of custody in the habeas corpus proceeding; that appellant's allegations of a change of circumstances were not responsive to a writ of habeas corpus; and that the doctrines of *forum non conveniens* and comity precluded inquiry into the present welfare of the children with respect to their custody. On these bases, the court refused to consider any testimony bearing on the present welfare of the children and stated that if appellant wished to claim custody, she would have to do so in Maryland litigation.

On November 10, 1965, appellant filed a timely notice of appeal to the District of Columbia Court of Appeals. On November 16 she filed a statement of error and a designation of record, which was supplemented on November 22. The record was filed on November 24. Believing that the trial court had made a plain and serious error of law, appellant filed a motion for summary reversal on December 13. Appellee was allowed to file a late opposition [3] on December 23. The motion was denied on December 28. Appellant's brief on appeal had been due on December 14. [4] On January 6, 1966, she tendered the brief with a motion for leave to file it out of time because she had deferred filing pending the court's disposition of her motion for summary reversal, and because of counsel's heavy trial schedule and year-end engagements. [5] The motion was denied on January 13, "time for same having expired," and on February 8 the appeal was dis-

---

1. By authority of 11 D.C.CODE § 321 (Supp. V, 1966); D.C.CIR. RULE 1, REVIEW OF CASES FROM THE D.C.C.A.

2. On February 13, 1962, appellant petitioned unsuccessfully in Maryland for a change in custody. Winter v. Crowley, 231 Md. 323, 190 A.2d 87 (1963).

3. See Rule 8(b) of the District of Columbia Court of Appeals.

4. Rule 27(m) of the District of Columbia Court of Appeals requires that appellant's brief be filed within twenty days from the date of filing the record.

5. Rule 27(q) of the District of Columbia Court of Appeals provides for such an extension of time "for extraordinary reasons."

missed for failure to file a brief within the time allowed. We reverse.

The future of three children should not be made to turn solely on a technical and comparatively minor court rule.[6] The refusal to allow the brief to be filed out of time was a clear abuse of discretion in the circumstances of this case. Under the rules the court may allow a brief to be filed late for "extraordinary reasons."[7] We think such reasons were plainly present.

Appellant had not been idle during the period allowed by rule for filing her brief. As will appear, a meritorious motion for summary reversal was filed,[8] accompanied by a full statement of facts and legal arguments. Appellant took only slightly over a week after the denial of the motion for summary reversal not only to file her motion for late filing of the brief, but to file the *brief itself*, and appellee made no claim that he was prejudiced by the delay.

Most importantly, there was strong and undeniable merit to the appeal.[9] The action of the trial court was patently contrary in several respects to the long-established law in this jurisdiction [10] and in others.[11] There is no question that the children were subject to the jurisdiction of District of Columbia courts, since they were and still are physically present in the District.[12]

---

6. "An award of custody is too vital a matter to be committed to the vagaries of adversary procedure in its more bellicose form. * * * [P]roblem-solving rather than contest-supervision * * * [should be] the principal aim." Foster & Freed, *Child Custody*, 39 N.Y.U.L. Rev. 423, 615, at 627 (1964). If possible, appeals involving liberty should not be allowed to lapse for procedural deficiencies. See Stumpf v. Matthews, 89 U.S.App.D.C. 231, 195 F.2d 25 (1951); Christoffel v. United States, 88 U.S.App.D.C. 1, 4, 190 F.2d 585, 588 (1951) (On Reconsideration). The same is true of appeals involving custody of children. See, *e. g.*, Lane v. Mangum, 203 S.W.2d 945 (Tex.Civ.App.1947); Orr v. Orr, 122 Vt. 470, 177 A.2d 233 (1962). In a recent decision reversing the lower court's dismissal of an action by a minor to recover damages for personal injuries, the District of Columbia Court of Appeals stated that it was "hesitant * * * to visit the sins of an attorney on his client, especially when that client is a minor." Jones v. Roundtree, No. 3928, D.C.C.A., Jan. 19, 1967, p. 2. Certainly those interests of a child which are affected in a custody proceeding deserve no less protection than his property rights.

7. Among the circumstances which appellate courts generally consider in granting motions for late filing of briefs and other papers are "good cause" for the failure, the absence of previous requests for extensions, lack of prejudice to the opposing party, and the merit of the appeal. See, *e. g.*, Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 702–705, 67 S.Ct. 954, 91 L.Ed. 1184 (1947); Bressler v. Bressler, 105 U.S.

App.D.C. 306, 266 F.2d 904 (1959); Stumpf v. Matthews, note 6 *supra*; Citizens' Protective League, Inc. v. Clark, 85 U.S.App.D.C. 282, 178 F.2d 703 (1949); Gunther v. E. I. Du Pont de Nemours & Co., 255 F.2d 710, 715 (4th Cir. 1958); Arline v. Brown, 190 F.2d 180 (5th Cir. 1951); Harbison v. Chicago, R. I. & P. Ry. Co., 327 Mo. 440, 37 S.W.2d 609 (1931); Snouffer v. Bartlett, 65 N.E.2d 659 (Ohio App.1946). This court customarily grants extensions of time in which to file briefs, unless it is clear that there has been flagrant abuse. See Creel v. Creel, 87 U.S.App. D.C. 79, 184 F.2d 449 (1950). In any case, a seriously inequitable result should be avoided in deciding procedural questions. See National Bank of Washington v. District of Columbia, 96 U.S.App. D.C. 399, 226 F.2d 763 (1955).

8. The court allowed late filing of appellee's opposition.

9. The merit of the appeal may be of controlling importance. See, *e. g.*, Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 702–705, 67 S.Ct. 954 (1947); Shannon v. United States, 93 U.S.App. D.C. 4, 6–7, 206 F.2d 479, 482 (1953); Stumpf v. Matthews, 89 U.S.App.D.C. 231, 233–234, 195 F.2d 25, 27–28 (1951).

10. See, *e. g.*, Bartlett v. Bartlett, 94 U.S. App.D.C. 190, 192–193, 221 F.2d 508, 511–512 (1954), and cases cited therein; Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945).

11. See Annot., 4 A.L.R.3d 1277 (1965); Annot., 20 A.L.R. 815 (1922).

12. They are still with appellant, upon our stay of the trial court's order pending this appeal.

When the custody of minor children subject to the court's jurisdiction is in issue, the court, acting as *parens patriae,* not only has the power, but the duty to resolve the matter solely on the basis of the *present welfare of the children.* The form in which the action in initiated, as a petition for habeas corpus or otherwise, is irrelevant. The welfare of minors is not to be determined by legal technicalities, or by adversary rights as between the parents or other custodians, or by contumacy or other reprehensible conduct of the parents which does not have a direct bearing on the children's welfare. The fact that there is a previous custody decree, issuing from this jurisdiction or any other jurisdiction, is relevant only to the extent that the circumstances present to and considered by the earlier court as a basis for its decree have remained unchanged since that time. If changed circumstances are alleged which may be relevant to the welfare of the children, the court must hear testimony and must determine anew the question of custody.[13] All of the foregoing are long-settled principles in this jurisdiction.[14]

The order of the District of Columbia Court of Appeals dismissing the appeal is hereby reversed, and the case remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.

13. Such circumstances would include the children's happiness and psychological adjustment, and their own wishes. See cases cited note 10 *supra.* See generally Foster & Freed, *supra* note 6. In addition, there is the presumption, not conclusive, that small children are better off with their mother. Bartlett v. Bartlett, 94 U.S.App.D.C. 190, 194 & n. 17, 221 F.2d 508, 512 & n. 17 (1954).

We note the precedent established in this jurisdiction for enlisting the aid of experienced and disinterested persons, such as trained social workers in the Department of Public Welfare, in making an examination of the parties' quali-

fications and the circumstances in which the children are placed. See, *e. g.,* Boone v. Boone, 80 U.S.App.D.C. 152, 155–156, 150 F.2d 153, 156–157 (1945).

14. The trial court's reliance on Brown v. Stevens, 118 U.S.App.D.C. 57, 331 F.2d 803 (1964) is misplaced. In *Brown* neither the custodian nor child had been residing in the District of Columbia either before the original decree or since that time, but had remained residents of Maryland; neither the custodian nor child was named as a party in the proceeding; and the Maryland decree in issue had been handed down only a few months before—not several years.