In the Matter of Colette WEST and Chantal Madden, minor child.

No. 4538.

District of Columbia Court of Appeals.

Argued June 3, 1968.

Decided Sept. 5, 1968.

Lawrence C. Moore, Washington, D. C., for Colette West.

Carlisle E. Pratt, Washington, D. C., guardian ad litem, for Chantal Madden.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

This appeal by the Canadian mother of a female infant born out of wedlock in Canada in 1963 challenges the legality of an order awarding custody of the child to the acknowledged natural father, a resident of the District of Columbia. Prior to hearing, a member of the bar was appointed by the trial court as guardian ad litem to represent the interests of the minor child. After extensive investigation, he filed a report recommending that custody of the child be awarded to the father.

Until 1964 the child had lived in Canada with her mother, petitioner here, but in that year the mother became physically and emotionally incapable of caring for her daughter. The natural father petitioned the Montreal Social Welfare Court to take jurisdiction and to award the child's care and custody to the paternal grandmother residing in the District of Columbia. An order to that effect was issued, and the child has lived in this jurisdiction since that time.

On December 6, 1965, after holding another hearing on the subject of the mother's fitness to look after her daughter, the Montreal court issued an order returning the child to the mother's custody "for an indeterminate period." When the grandmother refused to deliver possession of the child, petitioner instituted habeas corpus proceedings in the Domestic Relations Branch of the trial court. During a two-day hearing, petitioner, the natural father, and the paternal grandmother all testified. At the conclusion of the hearing, the trial judge found that the child had lived more than two years with her father and grandmother in this jurisdiction, had made a good adjustment to her environment, and had received love, attention and training from her grandmother, who, despite her advanced years, was active and well qualified to care for the child.[1] On the other hand, he found petitioner "to have only a vague understanding of her physical, mental and emotional problems." On July 3, 1967, the trial judge awarded custody to the father knowing that the child was to be under the immediate supervision and responsibility of her grandmother.

Appellant argues that, as a matter of comity, the trial court should have reached the same result attained in 1965 by the Montreal court which returned the child's custody to her mother. Even if we assume that the Canadian judgment has as much force as a decree issued by a court in the United States, this result would not follow.

There is no question that a minor child physically present in the District of Columbia is subject to the jurisdiction of its courts. Once the local court has jurisdiction over the child, it has the duty as well as the power to resolve the matter of custody solely on the basis of the present welfare of the child. "The fact that there is a previous custody decree, issuing from this jurisdiction or any other jurisdiction, is relevant only to the extent that the circumstances [presented] to and considered by the earlier court as a basis for its decree have remained unchanged since that time." Winter v. Crowley, 126 U.S.App.D.C. 103, 106, 374 F.2d 317, 320 (1967). This is true despite the fact that the child came to the District pursuant to a custody order

---

1. The child's father is a construction worker away from the District of Columbia much of the time so the grandmother has assumed, with his approval and cooperation, the responsibility for actual care and supervision.

**638**

of a foreign court. Brown v. Stevens, 118 U.S.App.D.C. 57, 331 F.2d 803 (1964). But if there be changed circumstances since the time of the earlier decree, the court must make an independent examination of what will best promote the child's welfare in a situation which is different from the one presented to the first court. One important circumstance to be considered is the child's happiness and adjustment to the environment in which the child has been living since the first decree. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945); Cook v. Cook, 77 U.S.App.D.C. 388, 135 F.2d 945 (1943). When an earlier decree has been issued without full inquiry or when the second court has more facts available than were before the first court, the second court must consider the additional information and determine anew the question of custody.

In the instant case, more than a year and a half elapsed between the date of the Canadian decree and the trial court's decree. In that time, the child became well adjusted to her environment and home surroundings in this jurisdiction and received the love, attention and training which she required. The report of the guardian ad litem favorably describing the conditions in the child's present home was not before the Canadian court. Neither the child's father nor her paternal grandmother appeared personally at the Canadian custody hearing. Whatever may be the reason for their failure to be present, the Canadian court did not have the benefit of their testimony and did not have the opportunity to personally weigh their qualifications and suitability as guardians. Therefore, it is obvious that the Canadian court awarded return of custody under circumstances differing materially from those at the 1967 hearing in the Domestic Relations Branch of the trial court. Quite properly, therefore, the trial court exercised an independent judgment in respect to what the present best interests of the minor child required. We are of the opinion from the record that the trial court's award of cus-

tody was correct and is supported by competent evidence.

In so ruling, we do not sanction illegal detention of a small child or disregard of a foreign decree, but such factors are and must be accepted as subordinate considerations to the present welfare of the minor child. The best interests of a minor are not to be determined by legal technicalities or by adversary rights between the parents or other custodians, or by any reprehensible conduct of either parent, unless these matters bear directly on the child's welfare. Winter v. Crowley, supra, 126 U.S.App.D.C. at 106, 374 F.2d 317.

We find no error in the record which would require us to rule contrary to the finding and judgment of the trial judge.

Affirmed.