**Richard EATON, Appellant,**

**v.**

**John W. KARR, Guardian *Ad Litem*, Appellee.**

**No. 4321.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1968.

Decided April 3, 1969.

Jean M. Boardman, Washington, D. C., with whom C. William Tayler, Washington, D. C., was on the brief, for appellant.

Glenn R. Graves, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant husband appeals from an order awarding compensation and expenses to appellee for services rendered by him as guardian *ad litem* in a divorce and custody proceeding.

The husband and wife each demanded the custody of their minor children on charges that the other was morally and otherwise unfit to have custody. Five of these children were attending special schools located in New York, Texas, and Virginia. When the trial court was confronted with a bitter controversy concerning the disposition to be made of the custody of the children during the pendency of the litigation, it, sua sponte and over the objection of appellant, appointed appellee, a member of the bar, guardian *ad litem.* He was directed to make an investigation of each of the children and to make a report to the court with respect to their custody, education, and psychiatric treatment. Appellee performed his duties

by traveling to New York and Virginia and by interviewing various persons. He filed his report with the court and delivered copies thereof to the party litigants. Motions to set aside appellee's appointment and to strike the report from the record on the ground that the trial court lacked authority to appoint such guardian *ad litem* were denied. After a hearing, appellant was granted custody of the children pendente lite. At the conclusion of the divorce action, he was granted their custody by consent judgment.

The question presented is whether the Domestic Relations Branch has the authority to promulgate that portion of Rule 5(b) which provides for the appointment of a guardian *ad litem* to conduct an investigation in custody cases and, if it does, may the trial judge impose upon appellant the obligation to pay for his services and expenses. There is no contention that the report filed by appellee was improperly used by the court or that his investigation was in any way lacking or the compensation for his services not warranted.

■ Appellant's basic claim is that, absent specific statutory authority, a guardian *ad litem* may not be appointed for an infant in a custody proceeding since the infant is not an actual party litigant. Appellant overlooks the meaning of the phrase "guardian *ad litem*" as used in the context of Rule 5(b) cited in the margin.[1] It means an investigator who is a member of the bar of that court, not, as appellant claims, one who conducts litigation for an infant.

■ The courts in the District of Columbia have long recognized that third party investigatory reports are an invaluable aid to the court in the performance of its duties as *parens patriae* in custody cases.[2]

1. Rule 5(b)

"APPOINTMENT OF GUARDIANS *AD LITEM.* In any domestic relations case involving the custody, support or adoption of minor children the court may appoint a guardian *ad litem* to investigate the matter and report in writing to the court. Such guardian *ad litem* shall be a member of the bar of this court and be allowed such compensation as the court may direct."

2. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945) [hereinafter cited

In 1945, prior to the transfer of jurisdiction over domestic relations cases from the United States District Court to the now-District of Columbia Court of General Sessions, *Boone*[3] decided that the court may appoint "experienced and disinterested persons" to aid in the resolution of custody disputes. This power of appointment was not based upon any specific statutory authority but arose from the court's inherent equity powers when it was acting in its capacity of *parens patriae* in custody matters.[4]

In 1956 Congress transferred the jurisdiction over domestic relations cases to the now-District of Columbia Court of General Sessions, Domestic Relations Branch, and with that transfer "vested [it] with so much of the power as is *now* vested in the United States District Court for the District of Columbia, whether in law or in equity, as is necessary to effectuate the purposes of this Chapter * * *." 70 Stat. 112, § 106.[5] (Emphasis supplied.) Thus, the power to appoint "experienced and disinterested persons" in custody cases was also transferred.[6] Therefore, Rule 5(b) merely incorporates the principle enunciated in *Boone* and is designed to enable the trial court to protect the interest and welfare of a child where the court is acting in the capacity of *parens patriae.*

Appellant also contends that the court lacked the authority to assess appellee's compensation and expenses against appellant since this would be assessing counsel costs without statutory authority. This contention is without merit.

Although the guardian *ad litem* here is an attorney, the compensation which he receives is for his services as an investigator and it is not in the form of counsel fees.[7]

That appellee acted solely in his capacity as an investigator is shown by the nature of the services he rendered to the court. His report was purely investigatory and was based wholly on factual observations and interviews. The only portion of his services which were remotely of a legal nature consisted of recommendations which the court ordered stricken from the record.

The trial court was not powerless, because of the absence of a specific statutory authority, to require appellant to pay the costs incident to the litigation he initiated. *Cf.* Gherardi de Parata v. Gherardi de Parata, D.C.App., 193 A.2d 213 (1963). The power to appoint investigators in custody cases would be meaningless unless it carried with it the power to assess costs incident to such appointment.[8] Appellant, in his brief and oral argument, has conceded that if the court had authority to appoint a guardian *ad litem*, there was no error or abuse of discretion by the court in appointing appellee as the guardian *ad litem* under the circumstances of this case, nor in the amount of compensation and expenses awarded appellee. We hold that the Domestic Relations Branch had the authority to promulgate that portion of Rule 5(b) which provides for the appointment of a guardian *ad litem* to conduct an investiga-

as *Boone*]; Kirk v. Kirk, 80 U.S.App. D.C. 183, 150 F.2d 589 (1945); Brown v. Brown, 77 U.S.App.D.C. 73, 134 F.2d 505 (1942); Mazur v. Lazarus, D.C. App., 196 A.2d 477 (1964).

3. 80 U.S.App.D.C. at 156, 150 F.2d at 157.

4. *Id.*

5. April 11, 1956, Ch. 204, 70 Stat. 111; D.C.Code 1967, § 11–1161.

6. Winter v. Crowley, 126 U.S.App.D.C. 103, 106 n. 13, 374 F.2d 317, 320 n. 13

(1967) recognizes *Boone* as establishing the precedent in this jurisdiction for enlisting the aid of experienced and disinterested persons in custody cases.

7. *Cf.* Franz v. Buder, 38 F.2d 605, 607 (8th Cir. 1930).

8. *Cf.* Gherardi de Parata, *supra* at 216, quoting Higgins v. Sharp, 164 N.Y. 4, 58 N.E. 9 (1900); Gartner v. Gartner, 79 R.I. 399, 89 A.2d 368, 373 (1952).

 

tion in custody cases, and that the assessment of his costs against appellant was valid.

We find no merit in appellant's other contentions.

Affirmed.