**Jules Washington LINDAU, IV, Appellant,**

v.

**Jill Hurney LINDAU, Appellee.**

**No. 5784.**

District of Columbia Court of Appeals.

Argued Dec. 15, 1971.

Decided Jan. 31, 1972.

Glenn R. Graves, Washington, D. C., with whom John W. Karr, Washington, D. C., was on the brief, for appellant. Lynn D. Allan, Washington, D. C., also entered an appearance for appellant.

Elizabeth Guhring, Washington, D. C., for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant, the husband, brings this appeal to challenge the award of custody of his five-year-old son to appellee, the wife, on the ground that the trial court applied improper legal standards and that the decision is against the weight of the evidence. After a careful review of the record, we have concluded that the trial court's decision was not clearly erroneous, therefore, we affirm.

The husband sought an absolute divorce and custody on the ground of the wife's adultery. The wife counterclaimed for absolute divorce and custody on the ground

of voluntary separation in excess of one year without cohabitation. The trial court heard extensive evidence on the alleged adultery and on the fitness of both parties to have custody. The child was also interviewed by the trial judge in chambers. At the conclusion of all of the evidence, the trial court found that (1) the husband had not proved "by clear and convincing evidence" that the wife committed adultery, (2) the husband had not proved "by a preponderance of the evidence" that the wife was unfit to have custody of the child, (3) both parties were fit and proper persons to have custody, and (4) "the best interests of the minor child would be served" by reposing his daily custody with the mother and providing reasonable visitation rights for the husband. On the basis of these findings, the husband's claim for divorce was denied, the wife's claim was granted,[1] and she was awarded custody of the child.

■ The improper legal standards contention is grounded on appellant's assumption that the trial judge "felt that in view of the 'presumption' in favor of maternal custody of small children . . . a husband seeking custody had first to prove the mother's unfitness."[2] We disagree with this assumption. In our view a fair reading of the record indicates that the trial judge's primary concern was the best interest of the child. On several occasions he inquired of witnesses about the child's best interest. Moreover, he interviewed the child in chambers in an effort to gain additional information. The fact that most of the testimony related to the wife's alleged adultery and unfitness was attributable to the way in which the husband chose to present his case, rather than to any misconceptions on the part of the trial judge. The detailed written opinion of the trial judge clearly demonstrates that the best interest of the child was considered. Although the trial judge mentioned the presumption that small children are better off with their mother, Winter v. Crowley, 126 U.S.App.D.C. 103, n.13 at 106, 374 F.2d 317, n.13 at 320 (1967), his decision was based on the correct legal standard, i.e., the present welfare of the child. Winter, supra; Coles v. Coles, D.C.App., 204 A.2d 330, 331–332 (1964); Cooley v. Washington, D.C.Mun.App., 136 A.2d 583, 585 (1957). Moreover, after a thorough review of the entire record, we are unable to say that the decision is plainly wrong or without evidence to support it. D.C.Code 1967, § 17–305(a) (Supp. IV, 1971).

Affirmed.

1. This portion of the judgment has not been appealed.

2. Brief for Appellant at 9.