502 F.2d 1163
 8 Fair Empl.Prac.Cas. 815, 8 Empl. Prac. Dec. P 9607
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Branch, Appellant
v.
Reynolds Metals Company, et al., Appellees.
 No. 74-1395.
 United States Court of Appeals, Fourth Circuit.
 Aug. 15, 1974.
 
 Before WINTER, CRAVEN and BUTZNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Branch was a name plaintiff in a class action brought by black employees against Reynolds Metal Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e et seq. On October 25, 1973, the district court entered a consent judgment which awarded plaintiffs $80,000 in back pay plus attorneys' fees.
 
 
 2
 Branch, who apparently had first voiced his objections to a consent settlement at a hearing before the district court on October 5, 1973, filed a notice of appeal in the district court on November 26, 1973. On the following day the clerk of the district court advised him by letter that his notice of appeal could not be processed until he remitted to the district court a filing fee of $5.00, 28 U.S.C. Sec. 1917(c), and a bond in the amount of $250 to cover the costs on appeal, F.R.A.P. 7.
 
 
 3
 On April 2, 1974, more than four months after Branch filed his notice of appeal, Reynolds filed in this court a motion to dismiss the appeal pursuant to F.R.A.P. 12(c). Attached to the motion was a certificate of the clerk of the district court which fully complied with Rule 12(c).
 
 
 4
 On April 3, 1974, the clerk of this court sent Branch a letter informing him that he had fourteen days in which to respond to the motion to dismiss but that he would not be permitted to respond without paying this court's docket fee of $50. Branch paid the docket fee on April 15, but, apparently thinking that payment of the fee itself constituted a sufficient response to the appellee's motion, filed no written answer. Branch was sent another letter, on April 18, 1974, advising him that his response should state the reasons for his delays and his intentions with respect to his appeal. No response was forthcoming, and on May 2, 1974, the clerk gave Branch ten additional days to file a response.
 
 
 5
 On May 14, 1974, Branch finally submitted a response in which he stated as his reason for not paying the filing fee and filing the bond that, being unaware of the arrangements to follow and without the aid of legal advice, he was reluctant to forward the financial "distribution." His response attributed the delays in perfecting the appeal to his inability to find an attorney to represent him. At the conclusion of his response he indicated that he had contacted an attorney who might agree to take the case, and he requested an extension of thirty days to enable this attorney to examine the record and file a supplementary response. In a letter dated May 23, 1974, the clerk informed him that any additional statements in response to the motion to dismiss could be submitted to the court before June 24, 1974. Since the letter of May 23, no additional statements have been filed on Branch's behalf.
 
 
 6
 The determination whether or not to dismiss an appeal for failure to comply with the rules of appellate procedure lies within the sound discretion of the court of appeals. Pyramid Motor Corp. v. Ispass, 330 U.S. 695, 704 (1947); Arline v. Brown, 190 F.2d 180 (5 Cir.1951). There are numerous cases in which courts have denied motions to dismiss, notwithstanding clear failure of the appellant to comply with the rules. See, e.g., King v. Laborers Internat. Union of No. America, U.L. No. 818, 443 F.2d 273 (6 Cir.1971); Martin v. Handy-Andy Community Stores, 214 F.2d 10 (5 Cir.1954); Stumpf v. Matthews, 195 F.2d 25 (D.C.Cir.1951). In these cases, however, noncompliance was in the form of delay rather than complete failure to comply with a particular requirement. Here Branch has yet to pay the filing fee or file an appeal bond. He was clearly informed of these requirements the day after he filed his notice of appeal, and his response to Reynolds' motion to dismiss reveals his knowledge of the rules but reluctance to comply with them. Nor is insufficiency of funds asserted as a reason for Branch's failure to follow the rules; he stated in his response that at some time after filing his notice of appeal he "came into a moderate sum of money."
 
 
 7
 We conclude that Branch has failed to offer a good faith justification for his failure to comply with the rules, and, accordingly, we grant Reynolds' motion to dismiss the appeal.
 
 
 8
 Appeal Dismissed.