Kathleen S. ROSS, Appellant,

v.

Sherwood ROSS, Appellee.

No. 7445.

District of Columbia Court of Appeals.

Argued March 11, 1975.

Decided June 10, 1975.

**448**

Thurman L. Dodson, Washington, D. C., for appellant.

Leonard R. Goldstein, College Park, Md., for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

PER CURIAM:

This is an appeal by a mother from an order of the Family Division of the Superior Court transferring custody previously awarded to her of two minor children to the father—her divorced husband.

The parties to this action were married in 1962. In 1969 the wife sued for and was granted a judgment for absolute divorce on the ground of voluntary separation for more than one year without cohabitation. Pursuant to an agreement entered into by the parties, custody of the issue of the marriage—two boys—was granted to the wife. On January 4, 1972, the husband petitioned the trial court to modify the divorce decree, to enforce visitation privileges provided therein, and to hold the wife in contempt of court for her failure to comply with such decree. After hearings held on January 17 and 18, 1972, the trial court appointed a psychiatrist to examine the parties and the children and to report his evaluations to the court, and directed the Social Services Administration to prepare a study of the home environment of the children. On the basis of representations made by the psychiatrist, the court ordered temporary visitation privileges for the husband.

In a supplemental petition filed by the husband the following month, the court was asked to transfer permanent custody of the children to the husband. After receiving evaluations by the psychiatrist and the Intrafamily and Neglect Branch, interviewing the children, and considering testimony and arguments of both counsel, the court concluded in a lengthy opinion that although it could not say that either party was unfit to rear the children, it was in the best interests of the latter that the husband be given custody.

Appellant urges that the trial court's order transferring custody should be set aside, contending that the court erred in finding a change of circumstances since the original divorce decree was granted, in holding the husband a fit and proper guardian for the children, in failing to give weight to the report from the Social Service Administration, and in conducting what appellant terms an ex parte hearing without proper notice to appellant. We disagree and affirm.

■ It is a well-settled principle in this jurisdiction that ". . . the best interest of the children must be considered as paramount." Wells v. Wells, 11 App. D.C. 392 (1897). This court is also aware of the presumption that the interests of children of tender years will be best served when they are in the custody of their mother. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945); Winter v. Crowley, 126 U.S.App.D.C. 103, 374 F.2d 317 (1967). As this court noted in Rzeszotarski v. Rzeszotarski, D.C.App., 296 A.2d 431 (1972), however, such presumption is not controlling. We relied on Coles v. Coles, D.C.App., 204 A.2d 330 (1964)—a leading case, stating that ". . . the law of this jurisdiction does not compel the award of custody of a small child to the mother, al-

though she is a fit custodian, if the trial court on consideration of all the evidence, concludes that the best interests of the child will be served by awarding custody to the father." *Id.* at 332.

In its opinion, the trial court noted the change in circumstances since the original divorce settlement and concluded after weighing all the evidence that its paramount concern, the best interests of the children, would be better served by awarding custody to the father. "Under these circumstances we must abide by the determination made by the trial court as the law will only dictate reversal upon a finding of manifest abuse of discretion." Rzeszotarski v. Rzeszotarski, *supra* 296 A.2d at 440. As we find no such abuse of discretion, the decision of the trial court must stand.

Affirmed.